TIMOTHY M. BURGESS
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, *et al*.<br><br>      Defendants. | Case No. 3:05-cv-264-JWS<br><br>**ANSWER** |

The Defendants, through counsel, answer the complaint according to the numbered paragraphs:

1. Admit that Plaintiff has represented throughout his employment with the defendant the personal, educational, and military background information

1

expressed in paragraph 1 of his complaint.

2.  Admit.

2 [sic].  Admit.

3.  Admit.

4.  Admit.

5.  Defendant admits only that the plaintiff disclosed that he suffered from a back injury and had been diagnosed with post-traumatic stress disorder during when he interviewed for his most recent position with the defendant.  Defendant denies the remaining allegations of paragraph 5.

6.  Defendant admits only that on or about January 5, 2005 plaintiff mailed a letter entitled "grievances" to the Operations Manager of the U.S. Army Alaska Command, a copy of which is attached to the complaint as Exhibit 1.  Defendant denies the remaining allegations of paragraph 6.

7.  Denied.

8.  Admit.

9.  Defendant admits only that an Occupational Nurse provided a letter opining that on January 29, 2005 the plaintiff suffered from fever and illness stemming from a privately administered immunization.  Plaintiff took the immunization in anticipation of travel to Iraq.  Defendant denies the remaining

allegations in paragraph 9.

10. Denied.

11. Defendant admits only that plaintiff presented himself for work February 3, 2005 with a pre-printed physicians form which contained a check mark by a line which read "temporarily unable to resume work activities because such activity could place him/her or co-workers at risk." Defendant further admits the Plaintiff later on February 3, 2005 collapsed in the workplace and performed what appeared to be convulsions. Mr. David Moore, plaintiff's work supervisor, discovered the plaintiff and reported a medical emergency. Defendant denies the remaining allegations of paragraph 11.

12. Defendant admits only that the plaintiff resigned on April 9, 2005. Defendant denies the remaining allegation of paragraph 12.

13. Paragraph 13 contains legal conclusions for which no answer is required.

14. Defendant incorporates by reference it's separate responses to allegations set forth in paragraphs 1-13.

15. Denied.

16. Defendant incorporates by reference it's separate responses to

allegations set forth in paragraphs 1-15.

17. Denied.

18. Defendant incorporates by reference it's separate responses to allegations set forth in paragraphs 1-17.

19. Paragraph 19 contains legal conclusions for which no answer is required.

20. Denied.

21. Denied.

22. Defendant incorporates by reference it's separate responses to allegations set forth in paragraphs 1-21.

23. Denied.

24. Denied.

25. Paragraph 25 contains legal conclusions for which no answer is required. To the extent an answer is required the allegation is denied.

26. Paragraph 26 contains legal conclusions for which no answer is required. To the extent an answer is required the allegations are denied.

27. Defendant incorporates by reference it's separate responses to allegations set forth in paragraphs 1-26.

28.  Paragraph 28 contains legal conclusions for which no answer is required.  To the extent an answer is required the allegations are denied in that 29 USC 2601 et seq contains no waiver of sovereign immunity exposing the defendants to suit.

29.  Paragraph 29 contains legal conclusions for which no answer is required.  To the extent an answer is required the defendant admits that as of 11 January 2005 the plaintiff had been employed for 12 months, had worked at least 1250 hours during the 12 month period, and the defendant employs more than 50 people at Fort Richardson, Alaska.

30.  Denied.

31.  Denied.

32.  Defendant incorporates by reference it's separate responses to allegations set forth in paragraphs 1-31.

33.  Denied.

34.  Defendant incorporates by reference it's separate responses to allegations set forth in paragraphs 1-33.

35.  Denied.

36.  Paragraph 36 contains legal conclusions for which no answer is

required. To the extent an answer is required, the allegations are denied.

## PRAYER

A. Defendant denies plaintiff is entitled to recover compensatory damages.

B. Defendant denies plaintiff is entitled to recover compensatory damages from Mr. DUNN.

C. Defendant denies plaintiff is entitled to any recovery under the FMLA.

D. Defendant denies plaintiff is entitled to any relief.

Anything not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. The plaintiff has not met a jurisdictional prerequisite to bringing suit for his claims of employment discrimination. Plaintiff failed to exhaust his administrative remedies under the Age Discrimination in Employment Act. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

2. The plaintiff has not met a jurisdictional prerequisite to bringing suit for his tort claims against the government. Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

     3.  The plaintiff has no right to a jury trial or compensatory damages, such as an award for emotional distress, for his age discrimination claim.  29 U.S.C. § 633a; <u>Lehman v. Nakashian</u>, 453 U.S. 156, 168-69 (1981); <u>Villescas v. Abraham</u>, 311 F.3d 1253, 1261 (10th Cir. 2002).

     4.  The plaintiff's claims of a breach of the Covenant of Good Faith and Fair Dealing, Defamation, and a violation of the Family Medical Leave Act fail to state claims for which relief may be granted.  Fed. R. Civ. P. 12(b)6.

     5.  The plaintiff has no right to additional damages or reinstatement.

     6.  This Court lacks personal jurisdiction over one or more defendant.

     7.  This Court lacks jurisdiction due to insufficiency of service of process.

     8.  Plaintiff has failed to mitigate his damages.

     9.  All other defenses not herein stated are specifically reserved, and shall be asserted at such time as the facts supporting their assertion are made known to, or discovered by, the Defendant.

//

//

//

//

//

Answer
MITCHELL v. USA, et al.
Case No. 3:05-cv-264-JWS     7

Respectfully requested this 13th day of January, 2006, in Anchorage, Alaska.

>TIMOTHY M. BURGESS
>United States Attorney
>
>s/Richard L. Pomeroy
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-2344
>E-mail: richard.pomeroy@usdoj.gov
>AK #8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2006,
a copy of the foregoing Answer was served
electronically on Joe P. Josephson.

s/ Richard L. Pomeroy