DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>            Defendants. | Case No. 3:05-cv-00264-JWS<br><br>**MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |

Defendants, through counsel, move for summary judgment pursuant to Fed. R. Civ. P. 56 to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted.  This motion is supported by the following memorandum of law.

### I.  INTRODUCTION

Plaintiff, John Mitchell, has brought suit against the defendants, alleging claims for relief for Retaliatory Constructive Discharge, Breach of the Covenant of Good Faith and Fair Dealing; Age Discrimination, Defamation, Violation of the Family and Medical Leave Act, Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress associated with

his resignation from a position as a civilian employee with the Department of the Army in April 2005. Defendants[1] move to dismiss all of Mr. Mitchell's claims because he has not exhausted his administrative remedies, a jurisdictional prerequisite to bringing suit against the United States. In addition, Mr. Mitchell's claims for defamation, violation of the Family and Medical Leave Act, and breach of good faith are actions for which the United States has not waived sovereign immunity.

## II. FACTUAL BACKGROUND

Plaintiff John Mitchell ("Mitchell") took a civilian job with the United States Army as an Emergency Actions Assistant. He was assigned to the Plans and Operations Division, U.S. Army Alaska Command Center located at Fort Richardson, Alaska. Mitchell began work in January, 2004. *Complaint* ¶ 4. On January 5, 2005, he wrote a letter to the Operations Manager of U.S. Army Alaska Command ("USARAK") complaining of workplace conditions. *Complaint* ¶ 6. The Commanding General of USARAK, in his reply to Mitchell's letter, encouraged him to contact the Equal Employment Opportunity ("EEO") office with his complaints. *Complaint Exhibit 1*. Mitchell alleges that he then sent a letter via electronic mail ("e-mail") on or about January 14, 2005, to Ms. Sandra Martinez of the EEO Office complaining of age and disability discrimination with the intent to file a formal complaint. *Exhibit A at 1, Mitchell Declaration* ¶ 4.

---

[1] The only proper defendant in a Title VII or Age Discrimination action is the head of the federal agency in which the alleged discriminatory acts occurred. See 42 U.S.C. §2000e-16(c); *Romain v. Shear*, 799 F.2d 1416, 1417 (9th Cir. 1986). The exclusive remedy for torts committed by federal employees is against the United States. 28 U.S.C. § 2679(b). Mr. Dunn's actions have been certified to have occurred within the scope of his employment. See Docket No. 9.

Mitchell left work due to illness on January 29, 2005. He returned to work on February 3, 2005 where he subsequently became ill and was temporarily hospitalized. This resulted in his permanent absence from work. *Complaint* ¶¶ 11, 12. Pursuant to his inquiry about the status of his EEO issue, on March 21, 2005, Mitchell was informed in writing that Ms. Martinez had not received any correspondence from Plaintiff but he was invited to contact the EEO Office to file a complaint. *Exhibit A at 4, Pressley letter dated March 21, 2005.*

Mitchell received a notice of proposed removal on or about March 31, 2005. *Complaint, Exhibit 2.* The reason for Mitchell's proposed removal was his absence from work since February 3, 2005 and his lack of communication or explanation regarding his absence. In the proposed removal, Mitchell's supervisors noted that he had failed to respond to email, telephonic, and certified mail requests for information on his well-being and plans to return to work. The proposed removal letter noted that Mitchell's supervisors had sent him the proper forms and contact information to request FMLA leave, since he had exhausted his regular and sick leave. Plaintiff chose to resign from his position on April 9, 2005 rather than return to work. *Complaint* ¶¶ 8, 12, *Exhibit* 3.

Mitchell never contacted the EEO office regarding any alleged complaint of discrimination after he was advised to do so on March 21, 2005. He explained in writing that he felt it would do no good to file a formal EEO complaint as his initial complaint had not been successful. *Exhibit A at 3, Mitchell e-mail dated June 1, 2005.*

Mitchell has not made an administrative tort claim against the Army as required by the Federal Tort Claims Act ("FTCA"). *Exhibit B, Rouse Declaration.*

Mitchell never returned to the USARAK EEO Office to file a formal complaint of discrimination. The Equal Employment Opportunity Commission ("EEOC") never received a notice of intent to sue under ADEA from Mr. Mitchell. *Exhibits C & D, Marsh Declaration; Ash Declaration.*

### III. DISCUSSION

**A. Standard For Summary Judgment**

In the federal system, summary judgment is not a "disfavored procedural shortcut." Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2555 (1986). The utility of summary judgment in federal courts increased dramatically by the Supreme Court's clarification of the burden of the parties under Fed. R. Civ. P. 56.

> First, the courts have made it clear that if a non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine disputable fact with respect to the existence of that element, then summary judgment is appropriate. . . . Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Finally, if the factual context makes the non-moving parties claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. . . . No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment.

Cal. Arch. Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987) (citations omitted).

This court is required to enter summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of

an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 2552-2553.  Summary judgment is not defeated by any factual dispute; the issue must be genuine and material.  Bukoskey v. Shuham, 666 F. Supp. 181, 184-85 (D. Alaska 1987).

In the present case, there are no genuine issues of material fact.  At issue is a legal question, well suited to summary judgment.

**B.    The United States has not waived Sovereign Immunity for three of Plaintiff's causes of action**

"Suits against the United States are barred by sovereign immunity absent an unequivocally expressed waiver." *Russell v. Dept. of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999).  Plaintiff's claims for relief for defamation, violation of the covenant of good faith and fair dealing, and violation of the Family Medical Leave Act are barred by sovereign immunity.

*1.    Defamation*

Plaintiff's claim for defamation is expressly barred by the FTCA.  The FTCA specifically excepts "Any claim arising out of... libel, [or] slander" from the jurisdiction of U.S. District Courts.  28 U.S.C. § 2680(h).  *See also* 28 U.S.C. § 1346(b).

*2.    Covenant of Good Faith and Fair Dealing Claims*

Plaintiff re-alleges and labels his constructive discharge and reprisal claims, discussed below, as claims for relief under the common law "covenant of good faith and fair dealing". Plaintiff's claims arise entirely from the allegedly discriminatory workplace conduct of his superiors.  Title VII provides the exclusive remedy for federal employment discrimination. *Brown v. General Servs. Admin.*, 425 U.S. 820, 828-29 (1976), *White v. General Servs. Admin.*,

652 F.2d 913, 916-17 (9th Cir. 1981). Plaintiff cannot recast federal employment discrimination claims as a claim under another statute and evade Title VII's administrative requirements. Even if Plaintiff could avoid Congressionally mandated statutory provisions he would first have to proceed under a statute with an express statutory waiver of the sovereign immunity to sue an agency of the United States. *See Russell* at 191 F.3d at 1018. The common law covenant of good faith and fair dealing is obviously not such a statute.[2] Accordingly Plaintiff's common law claims must be dismissed.

### 3. *Family Medical Leave Act Claims*

Plaintiff asserts that the defendant violated his rights under the Family Medical Leave Act when he was allegedly compelled to return to work while still sick. *Complaint* ¶¶ 11, 31. Title II of the FMLA, the specific provision that applies the FMLA to federal employees, contains no waiver of sovereign immunity. The Ninth Circuit has interpreted that omission as an affirmative decision by the Congress to bar judicial review of federal employee's FMLA claims. *Russell*, 191 F.3d at 1018. Accordingly plaintiff's claims under the FMLA are barred by sovereign immunity.

**C.    Plaintiff has Failed to Exhaust Administrative Remedies for his Tort Claims.**

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U. S. 535, 538 (1980); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Waivers of sovereign immunity cannot be implied, but must be unequivocally

---

[2] The breach of a covenant of good faith and fair dealing is a tort only if it is in surety or insurance context. *Municipality of Anchorage v. Gentile*, 922 P.2d 248, 260-61 (Alaska 1996).

expressed. *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 385 U.S. 1, 4 (1969)). Unless sovereign immunity is explicitly waived, or does not apply, it bars equitable as well as legal remedies against the United States. *Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728 (1982); *Malone v. Bowdin*, 369 U.S. 643 (1962).

With regard to claims alleging common law torts against the United States, the FTCA creates an express limited waiver of the sovereign immunity, rendering the federal government and its agencies liable for certain "tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674(a). This waiver of sovereign immunity is limited however, by the jurisdictional requirement that a claimant first exhaust administrative remedies by presenting to the appropriate agency a proper administrative claim. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (upholding the district court's dismissal of an unexhausted FTCA claim for lack of jurisdiction). Under the FTCA, exhaustion occurs "once a claimant has presented the appropriate federal agency with a claim describing the alleged injury with particularity and setting forth a "sum certain" of damages, and the agency has (1) denied the claim in writing or (2) failed to provide a final disposition within six months of the claim's filing." 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *See Vickers v. United States*, 228 F.3d 944, 948 (9th Cir. 2000).

Mitchell's tort claims must be dismissed because this Court does not have subject-matter jurisdiction over them because he has not filed an administrative claim. In his complaint, Mitchell does not allege that he presented an administrative claim under the FTCA or had that claim resolved, the jurisdictional prerequisites to a suit. Nor can he. Mr. Joseph H. Rouse, Chief

of the Tort Claims Division, United States Army Claims Service, Fort Meade, Maryland, searched the applicable records of the United States Army Claims Service. Mr. Rouse found no administrative claim filed by or on behalf of plaintiff. *Exhibit B, Rouse Declaration.* Plaintiff's failure to exhaust administrative remedies deprives this Court of subject matter jurisdiction over his claims of intentional and negligent infliction of emotional distress.

Nor does Mitchell's pleading that Mr. Dunn, not the United States, was the tortfeasor provide this court with subject matter jurisdiction. The Federal Employees Liability Reform and Tort Compensation Act ("FELRTCA") of 1988, commonly referred to as the Westfall Act,[3] confers immunity on federal officials by making an FTCA action against the Government the exclusive remedy for torts committed by federal employees acting within the scope of their employment. *Pauly v. USDA*, 348 F.3d 1143, 1150-51 (9th Cir. 2003); *see also United States v. Smith*, 499 U.S. 160, 163 (1991)); 28 U.S.C. § 2679(b)(1). When a federal employee is sued for a wrongful or negligent act, the FELERTCA empowers the Attorney General or his designee to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . ." 28 U.S.C. § 2679(d)(1). Upon certification, the employee is dismissed from the action and the United States is substituted as defendant. *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419 (1995).[4]

---

[3] Pub. L. No. 100-694, 102 Stat. 4563 (codified in part at 28 U.S.C. §§ 2671, 2674, 2679).

[4] This certification while not conclusive, is 'prima facie' evidence that an employee was acting within the scope of his employment at the time of the incident. The plaintiff bears the burden of disproving the certification by a preponderance of the evidence. *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995).

Exercising delegated authority,[5] the Acting United States Attorney for the District of Alaska has certified that Mr. Dunn, the named federal employee defendant, was acting within the scope of his employment as an employee of the United States at the time of the incidents upon which the instant suit is based. See Docket No. 9. Independent of this certification, the facts, as alleged by Plaintiff, clearly demonstrate that Mr. Dunn was acting within the scope of his employment at all times relevant to Plaintiff's claims. Mr. Dunn was the Operations Manager of the Plans and Operations Division, USARAK Command Center, at Fort Richardson, Alaska. *Complaint* ¶ 3. In that capacity he was the supervisor of the Plaintiff during the times relevant to the Complaint. *Complaint, Exhibit* 1. Plaintiff alleges that Mr. Dunn began documenting misconduct by the Plaintiff, sent Plaintiff a notice of proposed removal which contained allegedly false information, and compelled the Plaintiff to come to work when. *Complaint* ¶¶ 7,8,10, *and* 11. Each action alleged is an unambiguous exercise of supervisory authority and while Plaintiff may disagree with those supervisory decisions, he cannot so easily avoid sovereign immunity merely by bringing suit against the federal employee who clearly acted on behalf of and for the United States. Substitution in this case is an automatic consequence of certification under the statute and Plaintiff's tort claims against Mr. Dunn should be dismissed. 28 U.S.C. § 2679(d)(1), (2).[6]

---

[5] The authority to make such a certification, in turn, has been delegated to the United States Attorneys and the directors of the Torts Branch, Civil Division, United States Department of Justice. 28 C.F.R. § 15.4.

[6] Even if Mitchell were to exhaust administrative remedies for his tort claims, he would still be without a cause of action. One cannot assert a claim under the common law or FTCA for emotional injuries caused by workplace actions. The Ninth Circuit, in Rivera v. United States of America 924 F.2d 928 (9th 1991), confronted a plaintiff who claimed she was verbally abused

> **D.** **Plaintiff failed to file an administrative complaint or notice of suit with the EEOC and, therefore, failed to exhaust his administrative remedies under Title VII for retaliation and for age discrimination under ADEA**.

A federal employee must exhaust all available administrative remedies before bringing an employment discrimination complaint to federal court pursuant to Title VII. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.408; *Brown v. General Services Administration*, 425 U.S. 820, 829-32 (1976); *Vinieratos v. Department of the Air Force*, 939 F.2d 762 (9th Cir. 1991). Congress left it to the EEOC to prescribe the specific aspects of administrative exhaustion and, pursuant to this authority, issue rules and regulations implementing the provisions of Title VII. 42 U.S.C. § 2000e-16(b). The pertinent regulations defining the scope of the administrative process for complaints of discrimination in the federal workplace are published at section 1614,

---

and otherwise harassed by her supervisor. She claimed the harassment was retaliation for her disclosure to authorities that her supervisor was often late to or absent from work. She claimed the harassment was so severe that it caused her to miscarry a pregnancy and ultimately quit her job. The court noted:
> In enacting the C.S.R.A. Congress meant to limit the remedies of federal employees bringing claims closely intertwined with their conditions of employment to those remedies provided in the statute... Congress's purpose... was to channel grievances and disputes arising out of government employment into a single system of administrative procedures and remedies, subject to judicial review. To permit FTCA claims to supplant the CSRA's remedial scheme certainly would defeat that purpose... We hold that at the time Mary Rivera was subjected to retaliatory harassment by Hokanson, her remedy was through the CSRA, not the FTCA.

Rivera 924 F.2d at 951-2 (*internal citations omitted*). In the present case, Mitchell seeks compensation under the FTCA and common law for alleged harassment he suffered after he made protected disclosures. His case parallels *Rivera* in that he seeks a remedy for alleged retaliatory workplace harassment in tort. As in *Rivera*, his remedy is limited to that provided for in ADEA and the Civil Service Reform Act (CSRA).

of Title 29 of the Code of Federal Regulations.  Thus, a federal employee claiming to have been discriminated against must follow the administrative procedures set forth in 29 C.F.R. § 1614.

Pertinent to the Plaintiff's retaliation claim, an aggrieved employee must communicate with an Equal Employment Opportunity counselor within 45 days from the date of the alleged incident of discrimination to request informal counseling.  *See* 29 C.F.R. § 1614.105(a).  The Plaintiff claims he has done that.  However, if informal counseling is unsuccessful in resolving the matter, the plaintiff must then file a formal complaint.  *See* 29 C.F.R. § 1614.106(b).  *See also Sommatino v. United States* 255 F.3d 704, 708 (9th Cir. 2001).

Mr. Mitchell never filed a formal complaint of discrimination.  *Exhibit A at 3, Mitchell letter; see also Exhibit C, Marsh Declaration.*  Plaintiff claims that in January of 2005 he sent a letter alleging age and disability discrimination to an Army EEO Office via email. *Complaint, Exhibit* 1.  In response to Plaintiff's request whether his informal complaint was received, the EEO Office informed him it hadn't received it and invited him to make a complaint.[7]  Exhibit A at 4, *Pressley letter*.  Mitchell's January letter, even if received, was not a formal discrimination complaint.  Mitchell further made clear in an email to the Commanding General of USARAK that he had no intention of supplementing his informal January letter as he felt it only gave his supervisor's time to "perform a CYA operation."  *Exhibit A at 3, Mitchell Letter.*  Mitchell never filed a formal complaint to initiate the administrative processing of his complaint.  *Exhibit C.*

---

[7] A subsequent electronic search of email records performed by an Army technician, Clifton Tillmon yielded no evidence of any transmission from the Plaintiff to Ms. Martinez. *See Exhibit A at 5, Tillmon email*

By ignoring the administrative process, Mitchell has frustrated the Army's ability to investigate and resolve his dispute. The purpose of the exhaustion requirement is to give the Agency an opportunity to resolve the complaint prior to the filing of a suit.[8] *Ong v. Cleland*, 642 F.2d 316, 318-320 (9th Cir. 1981). Moreover, Plaintiff's failure to file any administrative complaint precluded the orderly and independent development of a factual background that could assist both parties and which may have led to resolution of his complaints. Consequently, through his own inaction and contrary to explicit advice from the most senior military leader within Alaska, Plaintiff now expects this Honorable Court to provide him a forum that he purposely avoided at the administrative stages. By failing to file an administrative complaint, Plaintiff has not stated a claim upon which relief can be granted and accordingly his claim should be dismissed. *See Valenzuela v. Kraft*, 801 F.2d 1170, 1172 (9th Cir. 1986).

   1.   **Plaintiff has not met the prerequisites for bringing an action for his Age Discrimination Claims**

The Age Discrimination in Employment Act ("ADEA") differs from Title VII in that a federal employee need not seek administrative relief prior to filing suit. As set out above, it is clear that Plaintiff never pursued any administrative relief with regard to any ADEA claims. Under ADEA however, a plaintiff who wishes to file suit without participating in administrative

---

[8] In <u>McKart v. United States</u>, 395 U.S. 185, 193-95, (1969), the Supreme Court listed the reasons for the exhaustion requirement. It is designed to (1) avoid premature interruption of the administrative process, (2) allow the agency to develop a factual record, (3) permit the agency to exercise its administrative expertise and discretion, (4) conserve judicial resources by requiring complainants to first seek resolution of their complaints with the agency before flocking to court, (5) provide the agency an opportunity to correct its own errors, and (6) deter "frequent and deliberate flouting of administrative processes [that] could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

remedies must first give the EEOC notice of intent to sue at least 30 days before filing suit. 29 U.S.C. § 633(a)(d) (which allows an individual to file suit without filing an EEOC complaint but requires notice to the EEOC of intent to sue), 29 C.F.R. § 1614.201(a) (2002). *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003).

Adherence to these rules is mandatory. These regulations, properly promulgated, have the force and effect of law, *United States v. Nixon*, 418 U.S. 683, 695 (1974), and are not mere technicalities, but are integral parts of Congress' statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." *Brown*, 425 U.S. at 833; *see also Puget Sound Energy v. United States*, 310 F.3d 613, 627 (9th Cir. 2002).

The EEOC never received a notice of intent to sue from the Plaintiff. The Plaintiff was required to file such notice at least 30 days before his suit if he was not going to pursue his administrative remedies. A records review from an EEO Specialist who receives notice of intent to sue from the EEOC finds no notice filed by the Plaintiff for the instant litigation. *Exhibit D, Ash Declaration.* Accordingly, the Plaintiff has not met a required prerequisite to sue under any provision of ADEA and his claim must be dismissed. 29 U.S.C. 633(a)(d); *See also Bankston*, 345 F.3d at 773.

    **2.**    **This Court Has No Jurisdiction Over Plaintiff's Retaliatory Constructive Discharge Claim**

Plaintiff concedes that he voluntarily resigned his position in April 9, 2005, but in his complaint he ambiguously asserts that his resignation was a "retaliatory constructive discharge." *Complaint* ¶ 12. His assertion is ambiguous because it is unclear whether Plaintiff asserts the retaliation was due to his complaints of age discrimination or for "whistleblowing." Above, the

Defendants discussed how the plaintiff failed to avail himself of the prerequisite administrative remedies for an ADEA complaint, we now turn to whether the Plaintiff can assert claims for unlawful retaliation for "whistleblowing." Plaintiff's remedy for whistleblowing is provided by the CSRA.[1] The CSRA provides judicial review of a final decision of the Merit Systems Protection Board (MSPB). 5 U.S.C. §§ 7701, 7703

The CSRA protects federal employees who have revealed another federal employee's mismanagement, waste, or abuse of authority. *Rivera* 924 F.2d at 950. The CSRA, provides judicial review for any employee "adversely affected or aggrieved by a final order or decision of the Merit Systems Protection Board." *Vinieratos v. United States* 939 F.2d 762, 774 (9th Cir. 1991) In *Vinieratos*, a civilian employee of the Air Force voluntarily abandoned his petition to the MSPB. The court found that he did not have jurisdiction because someone who voluntarily avoids the MSPB cannot be aggrieved by them. In the present case, Mitchell never even petitioned the MSPB. Accordingly, he can't now use the CSRA to gain access to this court, as that access was conditioned on review of a decision that he voluntarily avoided.[2] Mitchell's

---

[1] The Whistleblower Protection Act of 1989 increases protections for whistleblowers, but it does so within the context of the CSRA. <u>Rivera</u> at 954

[2] 5 U.S.C. § 7703(b):
(b) (1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board.
       (2) Cases of discrimination subject to the provisions of section 7702 of this title *[5 USCS § 7702]* shall be filed under section 717(c) of the Civil Rights Act of 1964 *(42 U.S.C. 2000e-16*(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 *(29 U.S.C. 633a*(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended *(29 U.S.C. 216*(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the

claim for constructive termination fails for want of jurisdiction.  He failed to satisfy either administrative prerequisite, whether for an age complaint or under the CSRA.  Accordingly his claim for relief for constructive termination should be dismissed.

## VI. CONCLUSION

Mr. Mitchell has not complied with any of the prerequisites to bring suit against the United States and accordingly his claims must be dismissed.

.    Respectfully requested this 13th day of March, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2006,
a copy of the foregoing MOTION FOR
SUMMARY JUDGMENT AND
MEMORANDUM IN SUPPORT was served
electronically on Joe P. Josephson, Esq.

s/ Richard L. Pomeroy

---

individual filing the case received notice of the judicially reviewable action under such section 7702.