Joe P. Josephson
Alaska Bar No. 6102018
Josephson & Associates, P. C.
912 West Sixth Avenue
Anchorage, Alaska  99501
Attorney for John Mitchell
Tel. (907) 276-0151
Facsimile (907) 276-0155
E-mail: jjosephson@aol.com

_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL, ) | Case No. 3:05-cv-00264-JWS |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES OF AMERICA, *et al.*,) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OPPOSING MOTION FOR SUMMARY JUDGMENT**

Plaintiff, John Mitchell ("Mitchell"), opposes the defendants' motion for summary judgment to the extent indicated below.  In a separate pleading, Mitchell will request additional time for discovery pursuant to Rule 56(f), Federal Rules of Civil Procedure, and will specify the nature of discovery to be undertaken, the kinds of evidence expected to be uncovered, and how this new evidence would create material factual disputes.

      A.     LEGAL STANDARD FOR THE CONSIDERATION OF

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 1

## **A MOTION FOR SUMMARY JUDGMENT.**

Under Federal Rule of Civil Procedure 56(c), a party may move for summary judgment. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Evidence presented by the nonmoving party is to be believed and all reasonable inferences are to be drawn in his favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2df 202 (1986); *Adickes v. S.H. Krenn & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (moving party has the burden of showing no genuine issue of material fact, viewed in the light most favorable to the opposing party).

The burden on the nonmoving party is not heavy: he must simply show specific facts that present a genuine issue worthy of trial. *Cermetek, Inc. v. Butler Avpak,Inc.*, 573 F.2d 1370 (9th Cir. 1978).

When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, the judge must assume the truth of the

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 2

evidence set forth by the non-moving party with respect to that fact. *Tirona v. State Farm Mutual Auto Ins. Co.*, 812 F.Supp. 1083, 1085 (D.Hawaii 1993).

Furthermore, the court may not make credibility determinations in deciding summary judgment motions. *Lincoln Alameda Creek v. Cooper Industries, Inc.*, 829 F.Supp. 325, 327 (N.D.Cal. 1992).

It has been said that summary judgment "should not. . . ordinarily be granted before discovery has been completed. *Alabama Farm Bureau Mutual Casualty Co. v. American Fidelity Life Insurance Co.*, 606 F.2d 602, 609 (5th cir. 1979), *cert. denied*, 449 U.S. 20 (1980). Rule 56(f) permits the opponent to obtain more time for discovery by submitting an affidavit stating why he "cannot for reasons stated present by affidavit facts essential to justify the party's opposition."

### B. Factual Background.

Appended to this Brief are the Affidavit of John Mitchell, and attachments to which the Affidavit makes reference. The contents of the Affidavit set forth the relevant factual background, from Mitchell's standpoint. Pertinent facts are presented, *infra*, at pages 6-7 and 11-12.

### C. Sovereign Immunity.

1. "Defamation" Claims Against the United States Are Barred by the Federal Tort Claims Act, but

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 3

<u>"Defamation" Claims Against Individual Employees Of the United States Are Not Necessarily Barred</u>.

i.  *The United States Attorney's Certificate is Subject to Scrutiny.*

The defendants are right when they assert, at page 5 of their Motion, that defamation claims against the United States are barred by the Federal Tort Claims Act, 28 U.S.C. sec. 2680(h); see also 28 U.S.C. sec. 1346(b).

Moreover, the Westfall Act, 28 U.S.C. sec. 2679(d)1), augmented the protection from defamation liability. As thus amended, the Federal Tort Claims Act permits a federal employee who is sued to seek a certification from the Attorney General of the United States -- in practice the local United States Attorney -- to the effect that his statement was made "within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. sec. 2679(d)(1). But, whether the statement in question was made within the scope of the defendant's office or employment is decided in accordance with the law of the state in which the statement was made. **See** *Davric Me. Corp. v. United States Postal Service*, 238 F.3d 58, 66 (1st Cir. 2001).

In this case, the question that is necessarily to be answered is whether defendant Dunn's allegedly defamatory statements about plaintiff were made within the scope of Dunn's

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 4

office or employment, under Alaska law. Neither the defendants' Motion nor the United States Attorney's declaration (certification) provides any authority for such a proposition.

Moreover, the Attorney General's certification or declaration is reviewable by the District Court. *Meridian International Logistics, Inc. v. United States*, 939 F.2d 740 (9th Cir. 1991)[courts are empowered to review, *de novo*, a certification in a slander suit against an agent of the FBI]. This view of the District Court's power is consistent with legislative history. **See** Legislation to Amend the Federal Tort Claims Act; Hearing Before the Subcommittee on Administrative Law and Governmental relations to the House Committee on the Judiciary, 100th Cong. 2d Session 128, 197 (1988).

In *Baggio v. Lombardi*, 726 F.Supp. 922 (D.C.E.D.N.Y. 1989), a former postal worker sued co-workers for defamation. The defendants moved to dismiss and to substitute the United States as the sole defendant. The basis of the defendants' motion was the certification by the United States attorney that the employees, who had circulated a report that the plaintiff was involved in extramarital activities, had acted within the scope of their employment. The United States contended that there was immunity for defamation under the Federal Tort Claims Act.

The District Court held that it had a duty to determine the

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 5

scope of the employment. It agreed that if the defendants had acted within the scope of their employment, then the United States should be substituted for the individuals. But it reasoned, on the other hand, that if the defendants were not acting within the scope of their employment, the case could be remanded to the state court and could proceed against the individual defendants, personally. In its opinion, the Court said:

> The Court's ruling is not intended to imply that an evidentiary hearing is necessary in every case of this kind. Inasmuch as plaintiffs will lose their cause of action completely should the complaint be dismissed at this stage, it would be unwise for the Court to bar any recovery by a ruling based only on the papers before it.

726 F.Supp. at 925.

The need for *de novo* review of the United States Attorney's certification is not only authorized by the Ninth Circuit, but is also called for by the circumstances.

Defendant Dunn, or his immediate subordinate, David Moore, demanded that Mitchell take an examination while he was sick. Affidavit of John Mitchell, p. 2, paragraph 5. Then, when the test was scored and Mitchell fell 7% below the 90% required score, Dunn used the result as a pretext to terminate Mitchell. *Id.*

On the day of the test, Mitchell suffered from a fever of

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 6

more than 102 degrees. *Id.*, p. 2, paragraph 6. His physician said he was unable to work, and would remain so until February 5. *Id.*

Dunn wrote, also on February 2, that Mitchell was absent without leave ("AWOL") -- a particularly insulting and stress-creating pejorative to use against a proud veteran known to be suffering from Post-Traumatic Stress disorder ("PTSD") -- on Saturday, January 29. *Id.*, p. 3, paragraph 7.

Dunn made this assertion even though he knew that Dr. Kirk Moss, Mitchell's treating physician, had opined that Mitchell was physically unfit for duty.

Dunn declared that Mitchell was "AWOL" even though Mitchell had kept him aware of the state of his health. *Id.,* p. 4, paragraph 10. Dunn's disregard for Mitchell's physical and mental health is especially striking, given his awareness that Mitchell had been hired under the Veterans Readjustment Act (because of his service-connected PTSD), and given his knowledge that Mitchell had PTSD-related migraine headaches and back pain. *Id.,* p. 4, paragraph 11.

Dunn's cruelty, aided and abetted by his subordinate, Mr. Moore, culminated in a health emergency when Mitchell lost consciousness at the workplace. *Id.*, p. 4, paragraph 12. This event occurred soon after Mr. Moore declined even to read a note

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 7

from Mitchell's doctor.  *Id*.

### D. A Defaming Federal Supervisor May Be Liable if His Utterances Caused "Highly Personal" Emotional and/or Physical Injuries.

A federal supervisor's defamation may constitute a state law tort claim resulting in supplementation of Title VII claims and exposure of the supervisor to action, if there are physical or emotional injuries that "are highly personal."  *Otto v. Heckler*, 781 F.2d 754 (9th Cir. 1986)[supervisor imposed mental distress resulting in subordinate's miscarriage, including invading her privacy, intentional infliction of emotional distress, and defamation]; *Arnold v. United States*, 816 F.2d 1306 (9th Cir. 1987)[battery is beyond the scope of a supervisor's authority].

**See** *Sommatino v. United States*, 255 F.3d 704, 711 (9th Cir. 2001).

### E. Covenant of Good Faith and Fair Dealing.

Mitchell disagrees with the defendants' contention, at page 5 of their Motion, that his claim for relief under the covenant of good faith and fair dealing arises "entirely from the allegedly discriminatory workplace conduct of his superiors."  For example, his superiors' insistence that he submit to a test while suffering from a fever of over 102 degrees, and while he bore a physician's slip seeking his

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 8

excusal from duty, was malicious and in bad faith, whether or not it was "discriminatory" in the traditional sense. Mitchell was treated differently from other employees, the difference in treatment had no rational basis and was arbitrary (*i.e.*, based on personal animosity or sheer vindictiveness rather the legitimate needs of the workplace or personnel needs.

The Supreme Court of the United States has recognized that under just such circumstances, the victim of such treatment at the hands of a public employer can claim violation of the Equal Protection Clause of the Fourteenth Amendment. **See** *generally Village of Willowbrook v. Olech*, 528 U.S. 564, 120 S.Ct. 1073 (2000). Thus, a plaintiff need not allege that he was part of a suspect class or implicate a fundamental right to state a claim under the Equal Protection Clause. 528 U.S. at 565, 120 S.Ct. 1073.

Of course, the Equal Protection Clause of the Fourteenth Amendment relates to state action, not federal action. However, the concept of Equal Protection implicit in the Due Process cause of the Fifth Amendment are applicable to actions of the federal government, although the Equal Protection clause of the Fourteenth Amendment is more explicit. 16B *C. J. S.*, "Constitutional Law", sec. 704.

In Alaska, the implied covenant of good faith and fair

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 9

dealings inures in every employment relationship.  **See** *Knight v. American Guard & Alert, Inc.*, 714 P.2d 788 (Alaska 1986).

   **F.** **Family Medical Leave Act Claims**.  The defendants are correct that *Russell v. Department of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999), through its sovereign immunity analysis, prevents Mitchell, a "Title II" employee of the Department of the Army, from recovering damages due to the denial of his application for Family Medical Leave Act status, absent an unequivocally expressed waiver.  The Ninth Circuit's reasoning in *Russell* was that while Congress expressly provided a private right of action to remedy employer action violating FMLA rights to "Title I" employees, in 29 U.S.C. sec. 2617(a)(2), Congress inserted no analogous provision in Title II.  **See** 5 U.S.C. secs. 6381-6387.

   **G.** **Exhaustion of Remedies, Federal Tort Claims Act Claims.**

  The defendants, at page 7 of their Motion, cite 28 U.S.C. sec. 2675(a) for the proposition that a plaintiff claiming damages against the United States for a federal tort must first present "a proper administrative claim" to the appropriate federal agency.  The defendants are correct to say that this is a jurisdictional requirement, under *McNeil v. United States*, 508 U.S. 106, 113 (1993).

  However, dismissal of Mitchell's claims under that theory

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 10

would not be *res judicata*, in that it would not be a dismissal upon the merits. *Hannon v. U. S. Postal Service*, 701 F.Supp. 386 (E.D.N.Y. 1988). Since two years have not elapsed since Mitchell's claims accrued, Mitchell could submit the claims to the Department of the Army, and refile the claims after six months (if the Department does not respond) or within six months after the Department denies the claims.

Even *McNeil*, the case cited by the defendants which was decided by the Supreme Court under a writ of certiorari to review a decision of the Seventh Circuit and to resolve conflict among the circuits, indicates that a fresh suit can be brought after dismissal for want of exhaustion of administrative steps within the Federal Tort Claims Act. See 508 U.S. at 110.

### H. Exhaustion of Administrative Remedies for Mitchell's Title VII Claims (Retaliation and Age Discrimination).

The United States argues that Mitchell's Title VII claims must be dismissed because the District Court lacks subject-matter jurisdiction over them in that Mitchell did not file an administrative claim with the EEOC.

In a number of decisions, the Ninth Circuit has held that the administrative exhaustion requirements under Title VII are not jurisdictional, and that they are instead conditions precedent to the filing of an action which a defendant may waive

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 11

or be estopped from asserting. *Vinieratos v. United States*, 939 F.2d 762, 768 n. 5 (9th Cir. 1991); *Stache v. International Union of Bricklayers*, 862 F.2d 1231, 1233 (9th Cir. 1988); *Valenzuela v. Kraft, Inc.*, 801 F.2d 1170, 1172 (9th Cir. 1986).

Even so, the Ninth Circuit requires -- in the absence of the defendant's waiver or estoppel -- "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency" and has spoken of "substantial compliance" as a "jurisdictional prerequisite". *Sommatino v. United States*, *supra*, at 708.

It does not appear that *Sommatino* has overruled *Vinieratos*, *Stache*, and *Valenzuela*: a fair synthesis of the Circuit's *stare decisis* is that it is not necessary to exhaust administrative remedies, but it is necessary (absent waiver or estoppel) to substantially comply with the presentment of discrimination claims to the EEOC.

In his affidavit, Mitchell states that he contacted the on-base EEO person, Ms. Martinez, on January 17, 2005. Affidavit of John Mitchell, p. 7, paragraph 22. Mitchell also wrote to the EEOC's Seattle office on April 14, 2005, after his employment ended. *Id.*, p. 8, paragraph 25. He received his letter to the Seattle office back, date stamped "RECEIVED SEDO-EEOC", and he believed that he had therefore substantially

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 12

complied with agency notification. *Id.* While the EEOC Seattle office advised him to consult an on-base counselor, he considered that he had already done that in January and, besides, since he was no longer a government employee, he did not have any access to either base legal services or other on-base services. *Id.;* **see** also p. 7, paragraph 26.

Because of these facts, Mitchell in a separate motion will seek a continuance under Rule 56(f), Federal Rules of Civil Procedure, so that discovery regarding the extent of his contacts with the EEOC, and regarding waiver and estoppel as well, can be further investigated.

### I. Retaliation.

Plaintiff agrees that a claim for unlawful retaliation for "whistle blowing" cannot proceed because he did not seek the involvement of the Merit Systems Protection Board ("MSPB), as allowed under 5 U.S.C. secs. 7701, 7703.

### CONCLUSION

1. No decision should be made that would bar Mitchell's claims against defendant Dunn. If claims against the United States are dismissed, surviving claims against defendant Dunn should be prosecuted in the state court on remand from this court as to those claims.

2. A continuance should be granted under Rule 56(f), at

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 13

least as regards the question of whether Mitchell substantially complied with the requirement for notification to the EEOC as to his Title VII claims, and also whether any procedural requirements were waived by the United States or are requirements which the United States is stopped to assert.  If necessary, Mitchell should be permitted to provide EEOC with his notice of intent to sue for age discrimination, under ADEA.

    3.    The dismissal of any tort claims or the age discrimination claim against the United States should be without prejudice.

    4.    Pending the conclusion of discovery, no action to dismiss the claim under the covenant of good faith and fair dealing should be taken.

    DATED April 10, 2006, at Anchorage, Alaska.

Respectfully Submitted:

/s/ Joe P. Josephson
Joe P. Josephson
Attorney for Plaintiff
Alaska Bar No. 6102018
912 W. 6th Avenue,
Anchorage, Alaska  99501
Tel. (907) 276-0151

Certificate of Service
I hereby certify that on
April 10, 2006 a copy of the forgoing
Memorandum Opposing Motion for Summary
Judgment was served electronically
on Richard L. Pomeroy.

/s/ Joe P. Josephson

Reply to Motion for Summary Judgment
Mitchell V. USA, et al.
Page 1 of 14