DEBORAH M. SMITH
Acting United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>　　　　Defendants. | Case No. 3:05-cv-00264-JWS<br><br>**REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

　　　　Plaintiff, John Mitchell, opposes summary judgment on his claims of defamation, breach of the covenant of good faith and fair dealing; and age discrimination.  These claims are all associated with his resignation from a position as a civilian employee with the Department of the Army in April 2005.  He concedes that his claims of Retaliation and Violation of the Family and Medical Leave Act should be dismissed.  Opposition at 10, 13.  He also concedes that his tort claims for Intentional and Negligent Infliction of Emotional Distress should be dismissed without prejudice.  Opposition at 10-11, 14.

　　　　As explained below, Mitchell's arguments in opposition are not well taken and judgment should be entered dismissing his complaint.

*1.     Defamation*

Though he concedes that a claim for defamation is expressly barred by the FTCA[1], Mitchell argues that Dennis Dunn, the federal employee that he claims defamed him, was not acting within the scope of his employment when he made the defamatory statement. Mitchell argues that the certification that Dunn was acting within the scope of his employment pursuant to 28 U.S.C. § 2679 should be reversed and that a tort claim against Mr. Dunn should be reinstated.

Mitchell's mere assertion that Dunn was acting outside the scope of employment does not require the Court to review the United States Attorney's certification. Mitchell does not provide any facts to support his statement that Mr. Dunn was not acting within the scope of his employment, in fact Mitchell provides no argument on the point. He merely asks for judicial review of the certification.

A federal employee is immune from suit upon certification of the Attorney General that the employee was acting within the scope of his employment. See 28 U.S.C. § 2679(d)(1). Pursuant to 28 C.F.R. § 15.3, the Acting United States Attorney certified that Mr. Dunn was acting within the scope of his employment at the time of the incident giving rise to Mitchell's complaint. This certification is "prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident." Billings v. United States, 57 F.3d 797, 800 (9th Cir.1995). The plaintiff bears the burden of disproving the certification by a preponderance of the evidence. Pauly v. U.S. Dept. of Agriculture, 348 F.3d 1143, 1151 (9th Cir. 2003). Mitchell has presented nothing that would question Dunn's employment status.

---

[1] Opposition at 4.

Mitchell claims that Dunn wrote "that Mitchell was absent without leave ("AWOL") . . . on Saturday, January 29. Opposition at 7. Mitchell takes offense at the characterization of being absent without leave, and apparently disputes whether he was absent without leave. A characterization of a person's status at work – being absent from work without leave – by a supervisor is a determination that a supervisor makes in the scope and course of their employment. Mitchell offers nothing to suggest otherwise.

Mr. Dunn was the Operations Manager of the Plans and Operations Division, USARAK Command Center, at Fort Richardson, Alaska. *Complaint* ¶ 3. In that capacity he was the supervisor of the Plaintiff during the times relevant to the Complaint. *Complaint, Exhibit* 1. Plaintiff alleges that Mr. Dunn began documenting misconduct by the Plaintiff, sent Plaintiff a notice of proposed removal which contained allegedly false information, and compelled the Plaintiff to come to work. *Complaint* ¶¶ 7,8,10, *and* 11. Mitchell may disagree with those decisions, but he cannot sue Dunn individually for torts when he was clearly acting on behalf of and for the United States. While certifications may be reviewed by the district court, Mitchell has not identified a single fact or cited a single case that would call the certification into question. The action that Mitchell alleges was defamatory was an unambiguous exercise of supervisory authority. Merely requesting a review of the certification does not give sufficient reason for judicial action.

    2.    *Covenant of Good Faith and Fair Dealing Claims*

Plaintiff opposes dismissal of his cause of action alleging a breach of the covenant of good faith and fair dealing. Defendant moved for judgment because the United States has not waived sovereign immunity to be sued under this equitable cause of action in common law contract law.

Mitchell has not shown where the United States waived sovereign immunity for such a cause of action. He points to Alaska law and cases involving application of the Fourteenth Amendment Equal Protection Clause. However, Alaska law does not control federal employment law, nor does the Equal Protection Clause create a covenant of good faith and fair dealing into federal employment relationships. Neither are an express waiver of federal sovereign immunity.

A federal employee's exclusive remedy for the discriminatory workplace conduct of his superiors rests within the provisions of Title VII. Alternatively, common law causes of action such as emotional distress allegedly caused by superiors' harassment is preempted by the Civil Service Reform Act (CSRA) and an employee has no alternative remedy. David v. United States, 820 F.2d 1038, 1043 (9th Cir. 1987). Any such cause of action must be pursued under the administrative remedies provided by the CSRA. Lehman v. Morrissey, 779 F.2d 526, 528 (9th Cir.1985) (per curiam); Saul v. United States, 928 F.2d 829 (9th Cir. 1991).

> 3. ***Exhaustion of Administrative Remedies under Title VII for retaliation and for age discrimination under ADEA***

Mitchell does not dispute that he has not exhausted his administrative remedies. Rather he seeks leave to conduct discovery into whether he has met the administrative exhaustion requirements to bring his Title VII and ADEA claims. Discovery is not needed on these issues.

> a.    Exhaustion under the ADEA

The requirements to exhaust administrative remedies are different for a Title VII claim and an ADEA claim. Mitchell never pursued any administrative relief with regard to any ADEA claims. Under ADEA, a plaintiff who wishes to file suit without participating in administrative remedies must first give the EEOC notice of intent to sue at least 30 days before filing suit. See

29 U.S.C. § 633(a)(d) (which allows an individual to file suit without filing an EEOC complaint but requires notice to the EEOC of intent to sue), 29 C.F.R. § 1614.201(a) (2002).  <u>Bankston v. White</u>, 345 F.3d 768, 770 (9th Cir. 2003).  The EEOC never received a notice of intent to sue from the Plaintiff.  The Plaintiff was required to file such notice at least 30 days before his suit if he was not going to pursue his administrative remedies.  A records review from an EEO Specialist who receives notice of intent to sue from the EEOC finds no notice filed by the Plaintiff for the instant litigation.  Docket No. 10, *Exhibit D, Ash Declaration.*  It is too late for Mitchell to provide a letter to the EEOC because such notice must be given within 180 days of the occurrence of the allegedly unlawful act.  See 29 C.F.R.§ 1614.201(a).  The acts of which Mitchell complains happened over a year ago.  Accordingly, he has not met a required prerequisite to sue under any provision of ADEA and his claim must be dismissed with prejudice.

      b.    <u>Exhaustion under Title VII</u>.

Mitchell wants to conduct discovery to try to establish that he "substantially complied" with the exhaustion requirement.  To establish subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim.  <u>B.K.B. v. Maui Police Dep't</u>, 276 F.3d 1091, 1099 (9th Cir.2002); <u>EEOC v. Farmer Bros. Co.</u>, 31 F.3d 891, 899 (9th Cir.1994).  The requirement that the nonmoving party present evidence outside his pleadings in opposition to a motion to dismiss for lack of subject matter jurisdiction is the same as that required under Rule 56(e) that the nonmoving party to a motion for summary judgment must set forth specific facts, beyond his pleadings, to show that a genuine issue of

material fact exists.  Trentacosta v. Frontier Pacific Aircraft Industries, Inc, 813 F.2d 1553, 1559 (9th Cir. 1987)[2].

Mitchell did not substantially comply with the presentment requirement of contacting an EEO counselor in a timely manner.  The Ninth Circuit has held that "substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite. As we have explained, '[t]he jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation.'" Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001).  In the present case, Defendant has not waived assertion of this defense nor are there any facts which would invoke estoppel.  Mitchell cannot plausibly claim that he did not know that he needed to contact an EEO counselor.  Pertinent to the Plaintiff's retaliation claim, an aggrieved employee must communicate with an Equal Employment Opportunity counselor within 45 days from the date of the alleged incident of discrimination to request informal counseling.  See 29 C.F.R. § 1614.105(a).  Mitchell claims he did that on January 17, 2005; however, there is no record that the EEO office ever received his letter.  The EEO Office informed Mitchell that it hadn't received the letter after he inquired and invited him to make a complaint.[3]  Docket No. 10,

---

[2] Mitchell's reliance on Cermetek, Inc v. Bulter Avpak, Inc., 573 F.2d 1370 (9th Cir. 1978) for the proposition that the burden on the non-moving party is not heavy is misplaced.. Opposition at 2.  Cermetek predates the Supreme Court's 1986 trilogy of cases – Celotex Corp., Anderson v. Liberty Lobby, Inc. and Matsushita Electric Industrial Co. v. Zenith – that clarified that the non-moving party's burden.

[3] A subsequent electronic search of email records performed by an Army technician, Clifton Tillmon yielded no evidence of any transmission from the Plaintiff to Ms. Martinez. See Docket 10, *Exhibit A at 5*.

*Exhibit A at 4.* Furthermore, even if Mitchell's January letter had been received, it was not a formal discrimination complaint. Mitchell further made clear in an email to the Commanding General of USARAK that he had no intention of supplementing his informal January letter as he felt it only gave his supervisor's time to "perform a CYA operation." Id. *Exhibit A at 3, Mitchell Letter.* Mitchell never filed a formal complaint to initiate the administrative processing of his complaint. Id. *Exhibit C*.

Mitchell has not "substantially complied" with the presentment requirement. This is not an issue on which discovery is necessary.

## **CONCLUSION**

Mr. Mitchell has not raised any genuine issue of material fact that would preclude entry of summary judgment. He did not comply with any of the prerequisites to bring suit against the United States. His claims should be dismissed.

.   Respectfully requested this 19th day of April, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
AK #8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on April 19, 2006,
a copy of the foregoing REPLY TO OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT
was served electronically on Joe P. Josephson, Esq.

s/ Richard L. Pomeroy