UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL, ) | |
| ) | |
| Plaintiff, ) | 3:05-cv-0264 JWS |
| ) | |
| vs. ) | ORDER FROM CHAMBERS |
| ) | |
| ) | [Re:   Motion at Docket 10] |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I.  MOTION PRESENTED

At docket 10, the United States of America; the United States Department of Defense; and the United States Department of the Army ("defendants") move for summary judgment on John Mitchell's complaint.  The motion has been fully briefed.  Oral argument has not been requested and would not assist the court.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine dispute about material facts and when the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show that material facts are not genuinely disputed.[1]  To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

need not produce evidence negating that claim.[2]  Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue exists by presenting evidence indicating that certain facts are so disputed that a fact-finder must resolve the dispute at trial.[3]  The court must view this evidence in the light most favorable to the nonmoving party, must not assess its credibility, and must draw all justifiable inferences from it in favor of the nonmoving party.[4]

### III.  DISCUSSION

Mitchell's complaint contains seven claims: 1) "retaliatory constructive termination"; 2) breach of the covenant of good faith and fair dealing; 3) violation of the Age Discrimination in Employment Act ("ADEA"); 4) defamation; 5) violation of the Family and Medical Leave Act ("FMLA"); 6) intentional infliction of emotional distress; and 7) negligent infliction of emotional distress.  Defendants move for summary judgment on all claims.

**A. Mitchell Agrees Five of His Claims Must Be Dismissed**

Mitchell agrees five of his claims cannot proceed against defendants.  He acknowledges his claim for defamation is barred by the Federal Tort Claims Act[5] and his claim for violation of the FMLA is barred on sovereign immunity grounds.[6]  He agrees his claims for intentional infliction of emotional distress and negligent infliction of emotional distress must be dismissed for failure to exhaust administrative remedies.[7]  Lastly, he concurs his "retaliatory constructive termination" claim must be dismissed

---

[2] *Id.* at 325.

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[4] *Id.* at 255; *Soldano v. United States*, – F.3d – , 2006 WL 1897081 (9th Cir. 2006) (quoting *Olson v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)).

[5] 28 U.S.C. § 2680(h); doc. 13, p. 4.

[6] *Russell v. Dep't of the Army*, 191 F.3d 1016, 1018 (9th Cir. 1999); doc. 13, p. 10.

[7] Doc. 13, p. 10.

because he did not present it to the Merit Systems Protection Board.[8]

**B. Mitchell's Covenant Claim Must Be Dismissed**

Mitchell opposes dismissal of his claim for breach of the covenant of good faith and fair dealing.  His opposition is unavailing because he has not cited any authority showing the United States has waived its sovereign immunity with respect to that claim.

**C. Defendants Have Not Shown Mitchell's ADEA Claim Must Be Dismissed**

The ADEA gives government employees who feel they have been subjected to age discrimination by their employing agency two choices.  One is to proceed to federal court after giving thirty days notice of intent to sue to the Equal Employment Opportunities Commission ("EEOC").[9]  The other is to file "[a] complaint ... with the agency that allegedly discriminated against [them.]"[10]

Defendants argue Mitchell took neither route.  He does not contend he took the first one, but he insists he took the second.  He has declared he sent an e-mail that included a complaint to someone in the equal employment opportunity office at the agency for which he worked;[11] has submitted a copy of the e-mail in which he states he has "attached an EEO complaint";[12] and has submitted a copy of the complaint, which includes an allegation of age discrimination.[13]  Defendants do not question these documents' authenticity.

Mitchell's proof strongly suggests he filed an age discrimination complaint with the agency that allegedly discriminated against him, and defendants have not shown otherwise.  They have submitted documents from people other than the intended

---

[8]*Id.*, p. 13.

[9]29 U.S.C. § 633a(d).

[10]29 C.F.R. § 1614.106(a) (2005).

[11]Doc. 13-2, p. 7 ¶ 22.

[12]*Id.*, p. 9.

[13]*Id.*, p. 19.

recipient of Mitchell's e-mail who say they did not receive Mitchell's complaint,[14] but that is not surprising because they were not the intended recipients. They have also submitted an e-mail from someone who says he examined the intended recipient's e-mail "Inbox" and found no e-mails from Mitchell,[15] but for two reasons this does not overcome Mitchell's showing that he sent the e-mail. First, it does not indicate whether the person examining the Inbox looked for deleted e-mails. Second, it does not disclose whether that person's search encompassed e-mails from the account stamped at the top of the e-mail submitted by Mitchell. Given the relative strength of Mitchell's proof as compared to defendants', the court concludes he filed an age-discrimination complaint with the agency that allegedly discriminated against him.[16]

That is not the end of the matter, however. There is evidence Mitchell may have abandoned his complaint and thus may have failed to exhaust his administrative remedies. Defendants contend Mitchell did not respond to the agency's correspondence dated March 21, 2005, stating that it had not received his complaint.[17] Mitchell says he did not receive the correspondence.[18] And even if he did receive the correspondence, he might not have been able to do anything about his complaint because he left his job shortly after the date on the correspondence.[19] Further complicating matters is the question whether Mitchell even needed to exhaust administrative remedies. The parties do not attempt to answer this question through a

---

[14]Doc. 10-2, p. 4; doc. 10-3, p. 1; doc. 10-4, p. 1; doc. 10-5, p. 1.

[15]Doc. 10-2, p. 5.

[16]Defendants make hay about whether Mitchell's e-mail and attachment amounted to an "informal" or "formal" complaint, seemingly referring to the distinction drawn between pre-complaint consultations governed by 29 C.F.R. § 1614.105 (2005) and complaints controlled by 29 C.F.R. § 1614.106 (2005). Even if Mitchell's e-mail were simply a pre-complaint consultation, as defendants appear to suggest, the key is that by filing it, he availed himself of his agency's remedial process. The question then becomes, as explained below, whether he exhausted that process of if it even was necessary to exhaust it.

[17]Doc. 10-1, p. 3; doc. 10-2, p. 4.

[18]Doc. 13-2, p. 5 ¶ 15.

[19]Doc. 1, ex. 3, pp. 1, 3 (listing separation date as April 9, 2005).

serious synthesis of the relevant case law[20] and federal regulations.[21] Such a synthesis is critical because the case law relies on the regulations and the regulations appear to have changed materially.[22]

Given this morass and the burden borne by the United States to demonstrate it is entitled to judgment as a matter of law, the most appropriate resolution is to deny the government's motion on Mitchell's ADEA claim without prejudice to re-filing.

**D. Defendants' Motion Is Moot Regarding Dennis Dunn**

Besides seeking summary judgment on claims asserted against them, defendants also move for summary judgment on claims leveled against Dennis Dunn. Their motion is moot with respect to those claims because Dunn already has been dismissed from this action. He was dismissed after the court entered an order granting the United States's motion to substitute itself for Dunn as a defendant in this action.[23] Mitchell did not oppose that motion when it was filed and has not presented evidence that would cause the court to reconsider the order granting it.

**E. Mitchell Has Not Presented a Title VII Claim**

The parties discuss Title VII of the Civil Rights Act of 1964 ("Title VII") as if Mitchell is suing under that act. Mitchell's complaint neither mentions Title VII nor

---

[20] *See, e.g.*, *Bankston v. White*, 345 F.3d 768 (9th Cir. 2003); *Bak v. U.S. Postal Serv.*, 52 F.3d 241 (9th Cir. 1995).

[21] *See, e.g.*, 29 C.F.R. § 1614 (2005), particularly Sections 1614.107(a)(3), 1614.201(c), 1614.407, and 1614.409.

[22] *See, e.g.*, *Bak*, 52 F.3d at 243 (quoting 29 C.F.R. § 1613.513, which has been superseded by 29 C.F.R. § 1614). Exhaustion's potential importance explains why the court found that Mitchell filed a complaint. If exhaustion were required before this suit could proceed, the question whether Mitchell met that requirement would be for the court to decide. Consequently, the court must find the facts necessary to determine whether exhaustion occurred. Mitchell's filing of a complaint is one of those facts. The court found that fact now to speed this litigation's determination and because no party requested an evidentiary hearing.

[23] Doc. 19.

contains allegations that he suffered discrimination prohibited by Title VII. Still, defendants in their summary judgment motion construe Mitchell's covenant claim as a Title VII claim.[24] In his opposition, Mitchell disavows that construction, yet suggests he was subject to discrimination without specifying what type of discrimination.[25] Because Mitchell's complaint does not present a Title VII claim and he did not cogently advance one in his opposition, the court concludes there is no action to take on this matter.

**F. Continuation Is Not Necessary**

Mitchell requests continuation of defendants' motion on his ADEA claim to discover facts regarding whether he exhausted administrative remedies. The court's decision to deny the motion on that claim renders continuation unnecessary.

### IV. CONCLUSION

For the reasons set out above, the summary judgment motion at docket 10 is:

1) **GRANTED** on Mitchell's claims for breach of the covenant of good faith and fair dealing; defamation; and violation of the FMLA. Those claims are **DISMISSED** with prejudice.

2) **GRANTED** on Mitchell's claims for "retaliatory constructive termination"; intentional infliction of emotional distress; and negligent infliction of emotional distress. Those claims are **DISMISSED** without prejudice.

3) **DENIED** without prejudice to further motion practice on Mitchell's ADEA claim.

4) **DENIED** as moot on Mitchell's claims against Dunn, who is no longer a defendant in this action.

---

[24]Doc. 10-1, pp. 5-6.

[25]Doc. 13, pp. 8-9.

The only claim which remains pending before the court is Mitchell's ADEA claim against the United States, and its agencies.

DATED at Anchorage, Alaska, this 3rd day of August, 2006.

    /s/JOHN W. SEDWICK
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE