NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| JOHN MITCHELL | Case No. 3:05-cv-00264-JWS |
|---|---|
| Plaintiff, | **MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |
| v. | |
| UNITED STATES OF AMERICA, et al. | |
| Defendants. | |

## I. INTRODUCTION

Mr. Mitchell's complaint, filed on November 5, 2005, alleged seven causes of action.  On August 4, 2006, this Court granted the Defendants' summary judgment on six of the seven claims raised in Mr. Mitchell's Compliant.  Docket No. 20.  The only claim remaining before the Court is Mr. Mitchell's allegation of discrimination in violation of the Age Discrimination in

Employment Act ("ADEA") of 1967, 29 U.S.C. § 633a.[1]  Defendants, through counsel, now move to dismiss the Plaintiff's remaining claim of age discrimination, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, move for summary judgment pursuant to Fed. R. Civ. P. 56.

Mr. Mitchell's ADEA claim should be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Mr. Mitchell never administratively filed the age claims he now seeks to raise to this Court.  While the Court found that Mr. Mitchell filed a notice with the Equal Employment Opportunity ("EEO") Office concerning alleged discrimination on January 14, 2005, the events that he claims constitute age discrimination occurred after this notice was sent.  Mr. Mitchell never amended his EEO complaint to include these events nor did he file a second EEO notice.  Furthermore, when Mr. Mitchell was informed that his compliant had not been received by EEO and he was invited to resubmit his claim, he did not do so and willfully failed to cooperate.

If this Court were to excuse Mr. Mitchell's failure to properly file and prosecute his discrimination claim, summary judgment is nonetheless appropriate on the Plaintiff's ADEA

---

[1] Plaintiff identifies four defendants in the caption to his Complaint: the United States of America; the Department of Defense; the Department of the Army; and Dennis Dunn.  Pursuant to this Court's Order at Docket 19, the Defendants's Motion for Summary Judgment was denied as moot regarding Dennis Dunn.  The Court held that Mr. Dunn was no longer a defendant in the litigation.  A plaintiff filing an ADEA suit must also name the proper defendant, "the head of the agency, department or unit as appropriate."  Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986) (citations omitted). The only proper defendant under the ADEA is the Secretary of the Army, Francis J. Harvey, and then, only in his official capacity.  To the extent that Mr. Mitchell attempts to raise his ADEA claims against any entity other than Secretary Harvey in his official capacity, such claims should be dismissed for lack of subject matter jurisdiction.

claim because he cannot bear his initial burden of establishing a *prima facie* case.[2] The basis for Mr. Mitchell's assertion of age discrimination is set out in paragraphs 7, 8, and 10 of his Complaint. Docket No. 1. The factual allegations raised in those paragraphs are:

(1) he was harassed by his supervisors when they told him they would "start documenting" plaintiff and "back dating some incidents" (Id. at ¶ 7);

(2) on March 31, 2005, Mr. Mitchell received a Notice of Proposed Removal alleging Mr. Mitchell was AWOL, insubordinate, and violated administrative rules. (Id. at ¶ 8); and,

(3) that the allegations made in the Notice of Proposed Removal were made in bad faith. (Id. at ¶ 10).

None of these allegations are adverse employment actions sufficient to support a *prima facie* case of age discrimination because none of these actions had a material impact upon the terms or conditions of Mr. Mitchell's employment.

His claim of age discrimination should be dismissed.

## II. FACTUAL BACKGROUND

Mr. Mitchell took a civilian job with the United States Army as an Emergency Actions Assistant. Docket No. 1 at ¶ 4. He was assigned to the Plans and Operations Division, U.S. Army Alaska Command Center located at Fort Richardson, Alaska. Mr. Mitchell began work in January of 2004. Id. On January 5, 2005, he wrote a letter to the Operations Manager of U.S. Army Alaska Command ("USARAK") complaining of workplace conditions. Id. at ¶ 6. The

---

[2] And even if her were found to have established a *prima facie* claim, the Defendant had legitimate nondiscriminatory reasons for the actions taken.

Commanding General of USARAK, in his reply to Mr. Mitchell's letter, encouraged him to contact the EEO office with his complaints. Id. at Exhibit 1.[3] Mr. Mitchell alleges that he then sent a letter via electronic mail ("e-mail"), on or about January 14, 2005, to Ms. Sandra Martinez of the EEO Office complaining of age and disability discrimination with the intent to file a formal complaint. Id; see also Exhibit A, Mitchell Declaration at ¶ 4. The only reference to age discrimination in that letter was:

> Mr. Dunn has also made several references pertaining to my age. These remarks pretty much the same to both my co-workers and me. That it is pretty humiliating that at my age and with my education that I would be (sic) accept a GS-5 job.

Docket 1, Exhibit 1 at 1.

Mr. Mitchell left work due to illness on January 29, 2005. Docket 1 at ¶ 11. He returned to work on February 3, 2005, where he subsequently became ill and was temporarily hospitalized. This resulted in his permanent absence from work. Id. Pursuant to his inquiry about the status of his EEO issue, on March 21, 2005, Mr. Mitchell was informed in writing that Ms. Martinez had not received any correspondence from Plaintiff but he was invited to contact the EEO Office to file a complaint. Exhibit B, Pressley letter dated March 21, 2005.

Mr. Mitchell received a Notice of Proposed Removal on or about March 31, 2005. Docket No. 1, Exhibit 2.[4] The reason for Mr. Mitchell's proposed removal was his absence from work

---

[3] See Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.")

[4] Plaintiff labels the Notice of Proposed Removal as "Exhibit 2, Page 1 of 4" in the attachment to his Complaint. Inexplicably, Mr. Mitchell labels the last two pages of the Notice

since February 3, 2005, and his lack of communication or explanation regarding his absence. Id. In the proposed removal, Mr. Mitchell's supervisors noted that he had failed to respond to email, telephonic, and certified mail requests for information on his well-being and plans to return to work. Id. The proposed removal letter noted that Mr. Mitchell's supervisors had sent him the proper forms and contact information to request Family and Medical Leave Act ("FMLA") leave, since he had exhausted his regular and sick leave. Id.; see also Exhibit C, Leave Letter; Exhibit D, Job Description; and Exhibit E, FMLA Application. Mitchell chose to resign from his position on April 9, 2005, rather than return to work. Docket No. 1 at ¶¶ 8, 12 and Exhibit 3 to Complaint.

Mr. Mitchell never contacted the EEO office regarding any alleged complaint of discrimination after he was advised to do so on March 21, 2005.[5]

### III. ARGUMENT

**A.  Legal Standards.**

    1.  The Standard for a Motion to Dismiss.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). A court must dismiss an action whenever it appears that the court lacks proper jurisdiction. Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Subject matter

---

of Proposed Removal as Exhibit 4. For purposes of this motion, the Defendant will refer to the four-page Notice of Proposed Removal as "Docket No. 1, Exhibit 2."

  [5] This Court has already made a factual finding that Mr. Mitchell filed a Complaint (Docket 20 at 5, n.22), however the scope of the complaint filed by Mr. Mitchell has not been adjudicated. As explained below, Mr. Mitchell's ADEA filing on January 14, 2005, could not cover events that had not taken place at that time.

jurisdiction is fundamental and cannot be waived.  The party seeking to invoke the jurisdiction of the court has the burden of establishing that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

A court also may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6]  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);  Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989), cert. denied, 496 U.S. 906 (1990).  A complaint may be dismissed as a matter of law for either of two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

2. The Summary Judgment Standard.

Summary judgment is properly granted when the district court, viewing the facts in the light most favorable to the nonmoving party, finds that there are no genuine issues of material fact and that the moving party is entitled to summary judgment as a matter of law.[7] Fed. R. Civ. P. 56(c).

---

[6] Regarding a motion to dismiss, courts must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." In re Daou Systems, Inc. Securities Litigation, 397 F.3d 704, 709-10 (9th Cir. 2005).  However, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." In re VeriFone Securities Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (citations omitted). See also Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 429 U.S. 1031 (1981) (court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.").

[7] The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. See Eisenberg v. Insurance Co. of North America, 815 F.2d 1285, 1288 (9th Cir. 1987) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).  Thus, the question is whether "reasonable minds could differ as to the import of the evidence." Anderson,

One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). As the Supreme Court noted:

> [T]he plain language of Rule 56(b) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

See id. at 322-23.[8]

"If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment." T.W. Elec. Serv., 809 F.2d at 630 (citations omitted). Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial. Id. To satisfy this burden, the nonmoving party must produce at least some "significant probative evidence

---

477 U.S. at 250-51. All evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party. T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

[8] The moving party has no burden to negate or disprove matters on which the nonmoving party will bear the burden of proof at trial. The moving party need only point out to the court that there is an absence of evidence to support the nonmoving party's case. See id. at 325.

tending to support the complaint,"[9] id., and the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."[10] Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted. . . . The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (citations omitted); *see also* United States ex rel. Anderson v. Northern Telecom, Inc. 52 F.3d 810, 815 (9th Cir. 1995) (*quoting* Anderson, 477 U.S. at 252).

Conclusory allegations without concrete, relevant particulars is not enough to defeat a summary judgment motion. Forsberg v. Pacific Northwest Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 1988). In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" 477 U.S. at 327

**B.  Mr. Mitchell's ADEA Claim Should be Dismissed for Failure to File an Administrative Claim Concerning the Claims He Now Attempts to Bring.**

---

[9] Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. British Airways Bd. v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

[10] "The possibility that the plaintiff may discredit the defendant's testimony at trial is not enough for the plaintiff to defeat a properly presented [summary judgment] motion." United Steelworkers of America v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir.) (*en banc*), cert. denied, 493 U.S. 809 (1989).

Mr. Mitchell's ADEA claim should be dismissed because he failed to properly or timely file a claim during the EEO administrative process regarding the two incidents he now attempts to litigate in federal court.

Prior to filing an ADEA claim in federal court, a Plaintiff must adhere to one of two procedural requirements: (1) give the Equal Employment Opportunity Commission ("EEOC") notice of intent to sue at least 30 days before filing suit, or (2) file an EEO complaint as outlined for administrative exhaustion under Title VII. *See* 29 U.S.C. § 633(a)(d) (which allows an individual to file suit without filing an EEOC complaint but requires notice to the EEOC of intent to sue), 29 C.F.R. § 1614.201(a) (2002); Bankston v. White, 345 F.3d 768, 770 (9th Cir. 2003). Since Mr. Mitchell did not file written notice directly to the EEOC before filing in federal court, he was required to resort to the administrative filings required by 29 C.F.R. § 1614.101-.607 (EEOC regulations detailing administrative processing of complaints).

Mr. Mitchell sent a letter to Ms. Sandra Martinez on January 14, 2005. Docket No. 1 at Exhibit 1. While this filing would qualify as either a formal or informal EEO complaint,[11] the timing of Mr. Mitchell's letter reveals that he never raised the issues at bar in the EEO administrative process. The only reference to age discrimination in that letter was his statement that "Mr. Dunn has also made several references pertaining to my age. These remarks pretty much the same to both my co-workers and me. That it is pretty humiliating that at my age and

---

[11] The Court's Order at Docket 20 addresses exhaustion and whether administrative exhaustion or cooperation is even required in the context of an ADEA claim. (Order, p. 4-5.) The Ninth Circuit appears to have addressed the issue of ADEA exhaustion by holding that exhaustion is not required when there is no simultaneous administrative and judicial proceedings. See Bankston v. White, 345 F.3d 768. 776 (9th Cir. 2003).

Mitchell v. USA, et al.
Case No. 3:05-cv-00264-JWS

with my education that I would be (sic) accept a GS-5 job." Docket 1, Exhibit 1 at 1. The allegations of age discrimination that Mitchell raises in his Compliant occurred after he sent this letter to Ms. Martinez. Mr. Mitchell did not receive the Notice of Proposed Removal until on or about March 31, 2005. Docket No. 1 at ¶ 8. It is factually impossible for Mr. Mitchell's purported EEO complaint letter of January 14, 2005, to be construed to include an event that did not occur until two-and-a-half months later. Regarding the claims that Mr. Mitchell's supervisor, Mr. Moore, told him that he would start "documenting" his work, Mr. Mitchell admits that these comments did not take place until after January 19, 2005 – four days after he sent the EEO letter to Ms. Martinez. Exhibit F, Mitchell Affidavit at ¶¶ 23-24.

It is uncontested that Mr. Mitchell never filed a second EEO complaint nor amended his purported first EEO complaint to include these claims.[12] Mr. Mitchell did not comply with administrative exhaustion requirements because he failed to contact the EEO after the Notice of Proposed Removal or after the "documenting" comments prior to raising these issues in federal court. Plaintiff's age claim should be dismissed for failure to state a claim upon which relief can be granted because Mr. Mitchell never filed an EEO administrative claim on the allegations he raised in his complaint.

C. **Plaintiff's Age Discrimination Claims Must be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted**.

While Mr. Mitchell did not satisfy the administrative prerequisites to filing his complaint, even if he had, judgment for Defendants would still be warranted. Mr. Mitchell asserted that

---

[12] It is commonplace to amend a Title VII complaint to include new allegations during the administrative process. Mr. Mitchell chose not to take this route.

Defendants discriminated against him on the basis of age when he was informed that they would "document" him and when he was issued a "Notice of Proposed Removal."[13]  See Docket No. 1 at ¶¶ 7-8.  To assert claims of age discrimination under the ADEA, Plaintiff must first establish a *prima facie* case of discrimination by showing: (1) he belongs to a protected class; (2) he was performing according to his employer's legitimate expectations; (3) he suffered an adverse employment action; and (4) other employees with qualifications similar to his own were treated more favorably.  See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220 (9th Cir. 1998) (*citing* McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).  Plaintiff cannot establish a *prima facie* case for age discrimination, because he cannot show that he was subjected to an adverse employment action or that he was performing to his employer's legitimate expectations.

    1.    <u>No Adverse Employment Action</u>

The allegations concerning documenting work performance and a "Notice of Proposed Removal" are mediate, interlocutory events that, as a matter of law, do not rise to the level of an adverse employment action.  Brooks v. City of San Mateo, 229 F.3d 917, 929-30 (9th Cir. 2000) (stating that in order to show adverse personnel action, an employee must show a final or lasting action).  In this case, neither allegation raised by Mr. Mitchell is a lasting or final action.

    a.    <u>Notice of Proposed Removal</u>

A Notice of Proposed Removal is by its very nature a precatory step to an eventual removal.  See Niimi-Montalbo v. White, 243 F. Supp. 2d 1109, 1128 (D. Hawaii 2003) (applying

---

[13] The factual allegations contained in Paragraph 10 of the Complaint are repetitive of those addressed in Paragraph 8, but merely argue that the motivation for the Notice of Proposed Removal was not an innocent mistake, but illegal animus.

Brooks to find that a Notice of Proposed Removal does not have sufficient finality to constitute an adverse employment action). An employee who receives a Notice of Proposed Removal is afforded the opportunity to respond to the Notice of Proposed Removal and can convince the employer not to carry through with the proposed action. In fact, the Notice of Proposed Removal in this case states, "Full and impartial consideration will be given to any reply you make. You will receive a written notice of decision from Mr. Pressley who has authority to effect a final decision in this formal disciplinary action, whether you reply or not." Docket No. 1 at Exhibit 2. Mr. Mitchell never received a Notice of Removal. As it stands, Plaintiff is complaining of an event that never came to fruition. Keyser v. Sacramento City Unified School Dist., 265 F.3d 741, 752, n.4 (9th Cir. 2000) (stating that action that never came to fruition is not even a potentially viable adverse action).

        b.        Start Documenting

In a similar vein, Mr. Mitchell's allegation that his supervisors threatened to "start documenting" him, to include "backdating events" from the past, is insufficient to show any effect on Mr. Mitchell's employment status. Cf. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 919 (9th Cir. 1997) (holding that transfer with no reduction in compensation is not an adverse employment action); Hollins v. Atlantic Co., Inc., 188 F.3d 652, 662 (6th Cir. 1999) (holding that mere threat to terminate was not an adverse employment action under ADEA because it merely stated the possibility of transfer or discharge); Helgeson v. American Int'l Group, Inc., 44 F.Supp. 2d 1091, 1099 (S.D. Ca. 1999) (holding that two oral reprimands are not adverse employment actions.).

According to the letter that Mr. Mitchell sent to EEO, the comments regarding documentation relate to Mr. Mitchell's alleged disability: "[Mr. Dunn] asked my coworker to start documenting how mediation was affecting me shortly after returning to work after major surgery." Docket No. 1 at Exhibit 1. This report to EEO, however, does not relate to his claim of age discrimination. First, this allegation relates to his alleged disability discrimination claim and provides no probative evidence to support a claim of age bias. Second, the Plaintiff <u>does not</u> allege that his supervisors documented his work performance, just that his supervisor stated he was going to start documenting his performance. Docket No. 1 at ¶ 7. A verbal threat to "start documenting" an employee is even less threatening and has less impact on an employee's employment than a threat to terminate the employee, which the Sixth Circuit held was not an adverse action. *See* <u>Hollins</u>, 188 F.3d at 662. Mr. Mitchell's complaint makes no allegation that his performance was in fact "documented" and he has failed to show how the purported "documenting" affected his employment in any way. Accordingly, this Court should grant summary judgment because Mr. Mitchell cannot establish a prima facie case of age discrimination.

    2.    <u>Failure to Perform to Legitimate Expectations</u>

While Mr. Mitchell's job performance may have met minimal expectations when he was present, his complete failure to return to work after February 9, 2005, is a failure to meet the most basic employment requirement, being physically present for work. See <u>Humphrey v. Memorial Hosps. Ass'n</u>, 239 F.3d 1128, 1135 & n.11 (9th Cir. 2001) (noting that in the context of an ADA claim, regular and predicable attendance is an essential function of the position);

Aramburu v. Boeing Co., 112 F.3d 1398, 1403 (10th Cir. 1997) (failure to maintain a satisfactory attendance record is a legitimate nondiscriminatory reason for terminating an employee).  Mr. Mitchell not only did not return to work on February 9, 2005, as his doctor's note stated, but he refused to contact his supervisors to advise them of his condition.  Exhibit G, Letter from Mitchell; see also Complaint at Exhibit 2.  By failing to maintain contact with his supervisors, Mr. Mitchell prevented his supervisors from knowing when, or even if, he would ever return to his duty position.  Furthermore, Mr. Moore expressly requested that Mr. Mitchell contact him to inform him of his status concerning any Family and Medical Leave Act request.  Exhibit C.  Mr. Mitchell cannot show that he was performing according to any set of reasonable expectations while he was unaccountably absent from his job.

D. **Plaintiff Cannot Rebut Defendants' Legitimate, Nondiscriminatory Reasons for the Proposed Notice of Removal**.

Assuming, for the sake of argument, that Mr. Mitchell could establish a *prima facie* disparate treatment claim based upon age, "then the traditional burden-shifting framework of McDonnell Douglas will apply."  Fenney v. Dakota, Minnesota & Eastern R. Co., 327 F.3d 707, 711-712 (8th Cir. 2003).  Under this framework, the burden of persuasion remains at all times with the plaintiff, while the defendant bears only a burden of production - not proof or persuasion - to articulate a legitimate nondiscriminatory reason for the employment decision.  *See* St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).  Once the *prima facie* elements have been met, the employer must come forward with evidence of a legitimate, nondiscriminatory reason for the

adverse action.[14]

The Defendant's Notice of Proposed Removal was based upon the fact that Mr. Mitchell remained Absent Without Leave (AWOL) from March 3, 2005 through the date of the Notice of Proposed Removal, dated March 31, 2005. Docket No. 1 at Exhibit 2. Mr. Mitchell was taken to the emergency room with chest pains on February 5, 2005. Id. After being released from the hospital, he presented a doctor's note via e-mail indicating that he could not return to work until after February 9, 2005. Exhibit G. However, Mr. Mitchell did not return to work on February 10, 2005. His supervisory chain made repeated attempts to contact Mr. Mitchell. Docket No. 1 at Exhibit 2. In response to his supervisory chain's attempt to contact Mr. Mitchell, Mr. Mitchell's girlfriend, Robin, called Mr. Dunn leaving a message that "he would be the first to know" if Mr. Mitchell's health status changed and "ordering all Army personnel to leave John alone to recover in peace." Id.

In an attempt to aid Mr. Mitchell, Mr. Moore sent the Plaintiff a Family Medical Leave Act application on February 11, 2005, instructing Mr. Mitchell to contact Mr. Moore upon receipt. Id.; Exhibit G. Mr. Moore also sent a notice of Mr. Mitchell's leave balance. Docket No. 1 at Exhibit 2. These documents were mailed certified mail and a notice of delivery was executed on February 24, 2005. Mr. Mitchell exceeded his sick and annual leave on February 26, 2005. Mr. Mitchell was carried as AWOL beginning on March 3, 2005. Id.

It is undisputed that Mr. Mitchell failed to return to work after February 9, 2005. Mr.

---

[14] If this burden of production is met, then the burden shifts back to the plaintiff to show pretext, which merges with the plaintiff's ultimate burden of persuasion to show intentional discrimination. See Fenney, 327 F.3d at 711-712.

Mitchell informed Mr. Moore on February 5, 2005, that he would not take telephone calls or visits from anyone other than family, medical personnel, and his legal advisor. Exhibit G. Mitchell indicated that he would inform Mr. Moore once his condition changed. Mr. Mitchell never contacted Mr. Moore after February 5, 2005. Docket No. 1 at Exhibit 2. Mr. Mitchell's refusal to speak or communicate with his chain of command, in the face of express requests for Mr. Mitchell to contact them, constituted insubordination and a failure to follow the proper procedures for requesting leave. Defendants' actions were taken with a a legitimate nondiscriminatory reason, not because Mr. Mitchell was over 40 years old.

### IV.  CONCLUSION

Mr. Mitchell's claim of age discrimination should be dismissed. He never administratively filed the age discrimination claims he now seeks to litigate. The acts that he claims constitute age discrimination occurred after he sent a notice to EEO that raised disability discrimination claims. Mr. Mitchell never amended his EEO complaint to include these events nor did he file a second EEO notice. His age discrimination claims should be dismissed.

If this Court were to excuse Mr. Mitchell's failure to properly file and prosecute his discrimination claim, summary judgment is nonetheless appropriate on the Plaintiff's ADEA claim because he cannot bear his initial burden of establishing a *prima facie* case because he cannot demonstrate that he was performing his job during the period of his unexplained absence nor do the actions of which he complains constitute adverse employment actions.

For the foregoing reasons, Defendants urge the Court to dismiss the Complaint and/or to enter summary judgment in favor of Defendants on all claims asserted by Plaintiff.

Mitchell v. USA, et al.
Case No. 3:05-cv-00264-JWS

//

//

   Respectfully submitted this 20th day of November, 2006, at Anchorage, Alaska.

                 NELSON P. COHEN
                 United States Attorney

                 s/ Richard L. Pomeroy
                 RICHARD L. POMEROY
                 Assistant U.S. Attorney
                 222 West 7th Ave., #9, Rm. 253
                 Anchorage, AK 99513-7567
                 Phone: (907) 271-5071
                 Fax: (907) 271-2344
                 E-mail: richard.pomeroy@usdoj.gov
                 Alaska Bar No. 8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2006,
a copy of the foregoing MOTION FOR
SUMMARY JUDGMENT
was served electronically on Joe P. Josephson, Esq.

s/ Richard L. Pomeroy

Mitchell v. USA, et al.
Case No. 3:05-cv-00264-JWS