NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL<br><br>            Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>            Defendants. | Case No. 3:05-cv-00264-JWS<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT** |

## I.  INTRODUCTION

Plaintiff's Opposition Brief is replete with unsupported allegations, conclusory averments, citations to evidentiary matters that are not properly admissible into evidence, and purported evidence that has no relevance to the material facts that are before the Court.  Prior to addressing the legal arguments raised in Plaintiff's Opposition, Defendant will address several misstatements of fact and evidentiary exhibits that are not properly before the Court.

Mr. Mitchell failed to show that he complied with the filing requirements for any of the

claims he now wishes to bring under the ADEA.  Furthermore, Plaintiff offered no factual or legal argument that the alleged actions he complained of are not adverse employment actions. None of the allegations raised by Mr. Mitchell are sufficient to establish that he was constructively discharged from his position.  Finally, Mr. Mitchell failed to offer any evidence that the Defendant's legitimate nondiscriminatory reasons are pretext for age discrimination.

## II.  <u>FACTUAL ALLEGATIONS</u>

Many of the factual allegations raised by Mr. Mitchell are unsupported speculations and hearsay.  None raise a genuine issue that would preclude entry of judgment against him.

In relevant part, Mr. Mitchell states the Defendant willfully ignored FMLA documents faxed by Dr. Moss and nurse Carryer.  (Opposition Brief, p. 14.)  Nothing in Mr. Mitchell's affidavit demonstrates how he has personal knowledge of this "facts." See <u>Forseberg v. Pac. Northwest Bell Tel. Co.</u>, 840 F.2d 1409, 1419 (9th Cir. 1988) (purely conclusory allegations of alleged discrimination, with no concrete, relevant particulars, will not bar summary judgment). Mr. Mitchell could have easily provided a sworn affidavit from either Dr. Moss or Ms. Carryer to support his assertion, but he did not to do so.  As such, this Court should treat this and any other allegation not based upon personal knowledge as unsupported speculation.  *See* <u>Gasaway v. Northwestern Mut. Life Ins. Co.</u>, 26 F.3d 957, 960 (9th Cir. 1994) (conclusory and self serving statements are insufficient to overcome defendant's motion for summary judgment).

Mr. Mitchell appears to allege in his Opposition Brief a retaliation claim.  (Opposition Brief, p. 2 --"the facts suggest that the Army's treatment of Mitchell was unreasonable and retaliatory, and that but for Mitchell's age and complaint to the Equal Employment Opportunity

manager and circulation of his "Talking Points"memorandum . . .")  To the extent that Mr.

Mitchell now attempts to raise a retaliation claim based upon his EEO Complaint, any such claim

should be precluded by the Court Order of August 4, 2006 which expressly states that Mr.

Mitchell has not presented a Title VII Claim.  (Docket 20 at 5.)  To the extent that Mr. Mitchell

alleges retaliation under the ADEA, the government has not waived sovereign immunity for

retaliation under this statute and thus that claim is due to be dismissed.[1]

Mr. Mitchell appears to allege that he was unreasonably summoned to work on February

2, 2005.  The medical note submitted by Mr. Mitchell states that he could return to work after

January 31, 2005 (Plaintiff's Exhibit 7).  To the extent that Mr. Mitchell was not fit to return to

duty, he should have provided a medical excuse.  After Mr. Mitchell was taken to the hospital on

February 3, 2005, he provided a medical note excusing him from work through February 9, 2005.

He did not submit that medical documentation to his supervisors until February 5, 2005, two days

after he was "improperly" ordered to work and then admitted to the hospital.  (Plaintiff's Exhibit

14.)

Mr. Mitchell also offers various hearsay statements allegedly made by agency employees.

Specifically, he claims that Mr. Pressley accused him of faking his heart condition.  (Opposition

Brief, p. 5.) and that Mr. Moore told him "he was too old to work anymore."  (Mitchell Affidavit,

p. 3.)  The purported statements are inadmissible hearsay as they are out of court offered for the

---

[1]  The Ninth Circuit currently has motions under submission for a case out of this judicial
district concerning whether the ADEA waives sovereign immunity to allow a Plaintiff to raise a
retaliation claim under the ADEA.  Whitman v. Mineta, Case No. 05-36231 (9th Cir. December
30, 2005.)

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

truth of the matter asserted.  *See* Fed. R. Evid. 801(c);  Fed R. Civ. P. 56(e); <u>Mackentire v. Ricoh Corp., Inc.</u>, 1992 U.S. Dist. LEXIS 3318 (N.D. Ca. 1992) (evidence contained in declaration submitted on summary judgment must be admissible if the declarant so testifies at trial);*see also* <u>Macuba v. Debeor</u>, 193 F.3d 1316, 1322 (11th Cir. 1999)(stating that inadmissible hearsay evidence cannot be considered on a motion for summary judgment under Federal Rule of Civil Procedure 56.)  *See also* <u>Sperle v. Michigan Dept. of Corrections</u>, 297  F. 3d 483, 495 (6th Cir. 2002)( hearsay cannot be used to create genuine issue); <u>U.S. Structures, Inc. v. J.P. Structures, Inc.</u>, 130 F. 3d 1185, 1189 (6th Cir. 1997)(hearsay and irrelevant evidence must be disregarded on motion for summary judgment).   In this regard, Mr. Mitchell's testimony about what others said, as opposed to his own thoughts and action,  is inadmissible hearsay and cannot be considered.

## III.  ARGUMENT

A.      <u>Plaintiff never satisfied the procedural requirements to file an ADEA claim on the allegations he now tries to bring to district court.</u>

Plaintiff failed to show that the allegations he currently raises in his judicial complaint (constructive discharge, Notice of Proposed Removal and "documenting him") were ever raised through the procedural requirements of the ADEA.  While a Plaintiff is not required to exhaust claims filed under the ADEA, <u>Bankston v. White</u>, 345 F.3d 768, 777 (9th Cir. 2003), the Ninth Circuit in <u>Bankston</u> did not relieve Plaintiff's from at least fling an ADEA claim when new and differing claims arise.  Plaintiff would have this Court find that by filing one ADEA claim pursuant to 29 C.F.R. 1614.201(a), he is insulated to bring any claim, even if not raised in the ADEA filing, to federal court.  To read the administrative filing requirement this way, eviscerates

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

the rule.

Plaintiff made a filing on January 14, 2005 concerning not being promoted to a GS-9 and to having the medicines he used documented (Plaintiff's Exhibit 2.)  Without having filed a new ADEA claim, Plaintiff now wishes to bootstrap unrelated and distinguishable claims concerning a Proposed Notice to Remove and being constructively discharged.  If this Court allows these unidentified claims to come to trial, the ADEA filing requirement would be rendered a nullity.

The "United States as sovereign is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980).  A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed.  Id.  A federal employee must exhaust all available administrative remedies before bringing an employment discrimination complaint to court.  Brown v. General Services Administration, 425 U.S. 820, 832 (1976).  These rules are not mere technicalities, but integral parts of Congress's statutory scheme of achieving a "careful blend of administrative and judicial enforcement powers." Brown, 425 U.S. at 833; *see also* McKart v. United States, 395 U.S. 185, 195 (1985).  In order for this Court to have subject matter jurisdiction to entertain the constructive discharge and related claims Plaintiff attempts to bring in this lawsuit, he must have either filed an age EEO complaint pursuant to 29 C.F.R. § 1614.201(a) or provided written notice to the EEOC.

Mr. Mitchell's argument that he did make a filing with Ms. Martinez in early January of 2005 pursuant to 29 C.F.R. § 1614.201(a), (Opposition Brief, p. 2.), does not raise issues of

material fact regarding procedural filings, but reinforces the Defendant's argument.[2]  The

Defendant's argument is not that Plaintiff never filed an EEO Complaint, but that each and every

claim that Mr. Mitchell wishes to pursue before the district court must either be raised in a notice

to sue to EEOC (29 U.S.C. § 633(a)(d)) or filed in an EEO complaint (29 C.F.R. § 1614.201(a)).

Any claim raised by Mr. Mitchell in his EEO filing of January 14, 2005, would, *a priori,* have

had to have occurred prior to that date.  As such, Mr. Mitchell has never raised an allegation he

was forced to resign (Opposition Brief, p. 6.) in his EEO complaint or in a notice to EEOC.  The

same can be said for the Notice of Proposed Removal.  (See Docket 24 at 8-9).  Even if the Court

treats Mr. Mitchell's letter to Ms. Martinez as a formal EEO Complaint, that EEO Complaint

could only cover allegations that occurred prior to January 14, 2004, and not the allegations that

Mr. Mitchell now tries to raise that did not occur until months later.

       B.     <u>Plaintiff's failed to establish a prima facie claim of age discrimination</u>.

Mr. Mitchell failed to offer any evidence, material fact, or legal argument to show that

either the Notice of Proposed Removal or the allegation to "document him" were adverse

employment actions.  As such, Plaintiff's failure to oppose these arguments or offer disputed

material facts is a concession and the Defendant is entitled to summary judgment on these claims

as a matter of law.  *See* <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 257(1986); <u>Brydges v.</u>

<u>Lewis</u>, 18 F.3d 651, 653 (9th Cir.1994) (holding failure to respond to summary judgment motion

was properly deemed consent to summary judgment after non-moving party was warned of the

_____

[2] Arguing that Ms. Mitchell never filed a claim with Ms. Martinez would be pointless as this Court has already made a factual finding that Mr. Mitchell filed a Complaint, (Order, August 4, 2006, p. 5 n.22.)

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

consequence of failure to respond); *see also* D.Ak. LR 7.1(d) (failure to include proper materials in opposition to a motion subjects the motion to summary ruling by the court).

It appears that Mr. Mitchell is attempting to recast his age discrimination claim to now claim that he was constructively discharged based upon his age.  This attempt is unavailing for two reasons.  First, Mr. Mitchell's Complaint never alleged that he was "constructively discharged" due to age.  Second, even if the Court were to allow Mr. Mitchell to amend his Complaint to make this allegation, the factual circumstances alleged do not meet the standard for a constructive discharge.

> 1.  Plaintiff's Complaint does not allege a constructive discharge based upon age discrimination.

Mr. Mitchell's Complaint expressly states, "The actions of the Untied States of America, as set forth in paragraphs 7. 8, and 10 violated the rights of plaintiff protected by ADEA" (Compliant, p. 6, ¶ 21.)   A close inspection of paragraphs 7, 8, and 10 of the Complaint show that Mr. Mitchell raises allegations of being "documented" and that he was issued a Notice of Proposed Removal.  (*See* Complaint at p. 3, ¶¶ 7-8 & 10.)  None of the identified paragraphs even mention a constructive discharge.

In paragraph 12 of the Complaint, Mr. Mitchell alleges that his resignation constituted a constructive termination.  (Compliant, p. 5, ¶ 12.)  As a point of reference, Mr. Mitchell did raise a claim of constructive discharge, in addition to the allegations raised in paragraphs 7, 8, and 10, for retaliation based upon his grievances.  (Compliant, p. 5, ¶ 15 "The constructive termination of plaintiff's employment, and the acts complained of in paragraphs 7, 8, and 10 above, were

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

retaliatory against plaintiff because of his submission of grievances and were malicious and in

bad faith")  Defendant would note that the Court dismissed Mr. Mitchell's claim for retaliatory

constructive termination.  Paragraph 15 of the Complaint shows that if Mr. Mitchell truly wished

to allege age discrimination caused his constructive discharge, he knew how to properly plead

such a claim, but chose not to do so.

    2.  <u>Plaintiff's allegations do not rise to the level of a constructive discharge.</u>

To establish a constructive discharge, a plaintiff must show that the conditions of their

employment are so intolerable that a reasonable employee would have no option but to resign.

<u>Hardage v. CBS Broadcasting, Inc.</u>, 427 F.3d 1177, 1184 (9th Cir. 2005); <u>Brooks v. City of San</u>

<u>Mateo</u>, 229 F.3d 917. 930 (9th Cir. 2000); <u>Watson v. Nationwide Ins. Co.</u>, 823 F.3d 2360, 361 (9th

Cir. 1987); <u>Summar v. Potter</u>, 355 F.Supp. 2d 1046, 1056 (D. Alaska 2005).  While a

determination whether working conditions are so egregious to support a constructive discharge

can be a jury question, a district court may determine that the Plaintiff's claim fails as a matter of

law when no reasonable trier of fact can find that the plaintiff was driven from the workplace.

<u>Brooks</u>, 229 F.3d at 930; *see also* <u>Lawson v. Washington</u>, 296 F.3d 799, 805 (9th Cir. 2002)

("Summary judgment is therefore appropriate on a constructive discharge claim where the

decision to resign was unreasonable as a matter of law.")

    a.  <u>Plaintiff cannot show that alleged conduct was based upon age.</u>

Mr. Mitchell's allegations fail to establish a constructive discharge based upon age

discrimination.  He offers absolutely no evidence that any action was taken on account of his age

or that his work environment was so severe as to force him to resign.  None of the repeated

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

allegations raised by Mr. Mitchell in his Opposition Brief or his affidavit show that any action was taken against him due to his age.  In fact, the allegations from Mr. Mitchell seem to allege that the employment actions and harassment is due to his disability.  For example, Mr. Mitchell alleges that Mr. Pressley gained entrance to his hospital room to claim that he was "faking" his heart condition.  (Opposition Brief, p. 5.)  Even if the Court were to treat this allegation as fact, it would show that the alleged harassment was due to Mr. Mitchell's purported disability and not his age.  Even Mr. Mitchell's allegations that Mr. Dunn called him sick, lazy and lame (Mitchell Affidavit, p. 2, ¶ 6.) is not probative of any claim of age discrimination, but addresses an alleged perceived disability.

Mr. Mitchell cannot establish a constructive discharge based upon age harassment when, by his own assertions, the harassment is based upon some consideration other than age.  Even if the Court were to consider the hearsay allegations that Mr. Moore said "maybe you're too old to work any more" (Mitchell Affidavit, p. 3, ¶ 7a.)[3] , an isolated statement is insufficient to establish a constructive discharge.  *See* Merrick v. Farmers Ins. Group, 892 F.2d 1434, 1438 (9th Cir. 1990) (stray comment that employee was chosen for promotion because he was a "bright, intelligent, knowledgeable young man" was a stray remark insufficient to establish age discrimination); Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987) (single isolated incident may fail as a matter of law to support a claim of constructive discharge).

---

[3]  Plaintiff's contention that Mr. Moore displayed age animus against him is belied by the fact that Mr. Mitchell admitted that Mr. Moore added in writing his "Talking Points" (which allege age discrimination) and recommended that Mr. Mitchell widely distribute the document. (Mitchell Affidavit, pp. 1-2, ¶ 4.)

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

It is not enough for Mr. Mitchell to show egregious or extraordinary events occurred in the work place. <u>Summar</u>, 355 F.Supp. 2d at 1057.  In order to establish a constructive discharge based upon age discrimination, he must show the intolerable and egregious events were perpetuated upon him due to his age. *See* <u>Vore v. Indiana Bell Tel. Co., Inc.</u>, 32 F.3d 1161, 1164 (7th Cir. 1994)(plaintiff must prove alleged racial harassment was actually motivated by racial animus); *see also* <u>Rissetto v. Plumbers and Steamfitters Local 343</u>, 1994 U.S. Dist. LEXIS 4426, *14 (N.D. Ca. 1994) (finding no discrimination based upon age discrimination where plaintiff alleges conduct was taken in consideration of health concerns not age).  Mr. Mitchell can only provide his own unsupported conclusory allegations to support his claim that he was harassed due to his age and forced to retire. *See* <u>Forseberg</u>, 840 F.2d at 1419.

### b. <u>Plaintiff cannot overcome the same-actor inference regarding age.</u>

The factual record before the Court demonstrates that Mr. Mitchell was not discriminated or harassed due to his age.   Mr. Dunn was the agency official who hired Mr. Mitchell at age 48. (Plaintiff's Exhibit 3, p. 6.)   At the time that he filed his EEO Complaint with Ms. Martinez, Mr. Mitchell was only one year older, 49-years old. (Plaintiff's Exhibit 2.)  *See* <u>Coghlan v. American Seafoods Co.</u>, LLC., 413 F.3d 1090, 1096 (9th Cir. 2005) (holding that employer's willingness to hire employee is **strong evidence that employer is not biased against the protected class** to which he belongs) (emphasis added); <u>McKnight v. Kimberly Clark Corp.</u>, 149 F.3d 1125, 1129 (10th Cir. 1998) (stating that the fact that employee was hired at age 51 undercut allegation of general bias against workers over the age of 40); <u>Brown v. McDonnell Douglas Corp.</u>, 113 F.3d 139, 142 (8th Cir. 1997)  ("simply incredible" to assume that defendant that had hired plaintiff at

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

10

age 53 developed an aversion to older employees).  Plaintiff has provided no probative evidence

to show why Mr. Dunn would hire an employee over the age of 40 and, less than a year later,

take steps to force his constructive discharge.  As a matter of law, Plaintiff cannot overcome the

strong evidence established by the same-actor inference.

> c.  <u>Plaintiff's alleged work conditions were not so intolerable as to leave him no recourse but to resign and his resignation several months later was unreasonable as a matter of law.</u>

Even if Mr. Mitchell could establish that the alleged harassment was based upon his age

(which the Defendant contends he has not), the allegations are not sufficient to establish a

constructive discharge.  Contrary to the allegations in his affidavit (Mitchell Affidavit, p. 10, ¶

32.), Mr. Mitchell cannot use the Proposed Notice of Removal or his AWOL status to support his

constructive discharge claim.  By Mr. Mitchell's express assertion, he submitted his initial

resignation before he was aware of the Notice of Proposed Removal or the AWOL status.

(Mitchell Affidavit, p. 8, ¶ 25 & p. 9, ¶ 29.)  Plaintiff was not aware of his AWOL status until he

received the Notice of Proposed Removal and he was not aware of the Notice of Proposed

Removal until after he decided to submit his resignation.  (*Compare* Mitchell Affidavit, p. 10, ¶

32 with p. 8, ¶ 25 & p. 9, ¶ 29.)  As a matter of common sense, no reasonable employee would be

forced to resign by conditions they were unaware of when they submitted their resignation - if the

employee is unaware of the "intolerable" condition, he cannot be motivated to resign by it.

Excluding the conditions that Mr. Mitchell admitted that he was unaware of prior to

submitting his resignation, the Court is left with the following list of allegations as supporting

Mr. Mitchell's constructive discharge claim: (1) he was told he would be "documented,"

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

(Complaint, p. 3, ¶ 7); (2) he was accused of faking his injury (related to alleged disability discrimination not age, *see supra*) (Opposition Brief, p. 4.); (3) he was asked to come to work on February 2, 2005; (4) Mr. Dunn yells at command center employees (Plaintiff Exhibit 3.); (5) Mr. Dunn threaten to fire the entire command center staff because a Sectera communication device was left unsecured (Plaintiff Exhibit 3); (6) Mr. Dunn talked to Mr. Mitchell in condescending tone; (7) Mr. Dunn hired those he was friends with and showed favoritism; (<u>Id</u>.) and (8) the command center had no written policy memoranda. (<u>Id</u>.)[4]

None of the allegations raised by Mr. Mitchell, either individually or collectively, establish an intolerable work environment caused by age discrimination.  In fact, the allegations raised by Mr. Mitchell are so insignificant compared to the egregious conduct required of a constructive discharge, that his resignation is not reasonable and the Defendant is entitled to judgment as a matter of law.  In <u>Summar</u>, the Plaintiff alleged arguments and snubs with a co-worker, a reprimand, being told by her supervisor that she was an undesirable employee, schedule changes, and documentation of the Plaintiff's work.  355 F.Supp. 2d at 1057.  Notwithstanding all of these allegations, the district court found that no reasonable trier of fact could find that Ms. Summar was driven from the workplace. <u>Id</u>.  Even taken collectively, the

---

[4] Not only does Mr. Mitchell offer little to no evidence to show how any of these claims resulted from age animus, but the spurious nature of Mr. Mitchell's constructive discharge claim is revealed by many of the allegations he raised in the "Talking Points." (Plaintiff Exhibit 3.)  As Mr. Mitchell readily concedes in his talking points, allegations number 4, 5, and 8 above were directed at all command center employees. (Id.)  It would be ridiculous to claim that these events support a constructive discharge due to the Plaintiff's age, when they were directed at all command center employees, who Mr. Mitchell asserts are all younger in age.  (Mitchell Affidavit, p. 2, ¶ 6 - "I am the oldest person working in the Command Center.").

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS

allegations made by Ms. Summar were not extraordinary or egregious events showing discriminatory working conditions. Id. As demonstrated above, none of the claims presented Mr. Mitchell even rise to the level that the district court found wanting in Summar.

Furthermore, Mr. Mitchell did not return to work after February 3, 2005. In the three months before Mr. Mitchell claims that he was forced to resign, he was not present at work and was not subjected to any physical interaction with the alleged discriminating supervisors. Due to Mr. Mitchell's refusal to contact his supervisors with an update on his condition (a refusal in the face of their express request to contact the chain of command), the only contact between Mr. Mitchell and agency officials was written electronic mail messages and letters. There is no showing of any conduct, egregious or otherwise, between Mr. Mitchell from mid-February of 2005 until he decided to retire in April of 2005. It is disingenuous for Mr. Mitchell to claim his work conditions were intolerable due to egregious conduct based upon his age, when no work events occurred between February and April of 2005.

   C.   Plaintiff failed to rebut the Defendant's legitimate nondiscriminatory reasons for the alleged actions and thus the Defendant is entitled to summary judgment as a matter of law.

Plaintiff's Notice of Proposed Removal, dated March 31, 2005, cited Mr. Mitchell's failure to follow proper procedures for requesting leave and AWOL. (Notice of Proposed Removal attached to Complaint.) In fact, Mr. Mitchell's immediate supervisor, Mr. Moore, sent Mr. Mitchell a letter dated February 10, 2005, alerting Mr. Mitchell that his sick leave had expired and that he needed to contact Mr. Moore upon receipt of the document to discuss his

leave status and medical situation. (Docket 24, Ex 3.) In an attempt to help Mr. Mitchell, Mr. Moore sent him the FMLA application and a copy of his job description in order to add him and his doctor in applying for FMLA leave. (Docket 24, Ex 3, 4 & 5.) Instead of cooperating with his supervisory chain to ensure that all documentation was correct and received regarding his FMLA leave, Mr. Mitchell refused to contact his chain of command after February 10, 2005. (Docket 24 Ex 7.)

Plaintiff offered absolutely no evidence to show the reasons articulated in the Notice of Proposed Removal are untrue. Mr. Mitchell did not show that he contacted Mr. Moore after February 10, 2005, to discuss his leave status and his medical condition as instructed. At most, Mr. Mitchell offers speculation that his supervisors received his FMLA paperwork from his doctors, speculations that he cannot prove. Other than his unsupported claims, Plaintiff provides no evidence to support this allegation. *See* Forseberg, 840 F.2d at 1419.

Even if the Court were to find that the doctors submitted FMLA paperwork to Mr. Mitchell's supervisors, this would not relieve Mr. Mitchell from the requirement to comply with his supervisors request to contact his chain of command. Furthermore, any claim that Mr. Mitchell was emotionally harmed by his AWOL status (Mitchell Affidavit, ¶ 27) is mitigated by the fact that Mr. Mitchell caused this problem by refusing to contact Mr. Moore about his leave status as directed in the February 10, 2005 letter.

Mr. Mitchell used up his annual and sick leave by February 26, 2005. (Notice of Proposed Removal.) Plaintiff was placed in an AWOL status on the next working day, March 3, 2005. (Id.) Mr. Mitchell attempts to contest his AWOL status by claiming that Ms. Carryer sent

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS
14

the FMLA paperwork to his supervisors.  (Opposition Brief, p. 17.)  The evidence that Mr.

Mitchell offers to support this claim is not probative, but actually shows that there was

uncertainty about his FMLA leave.  In an e-mail from Nurse Carryer,  she states that she "needs

to find out if it [FMLA application] has been forwarded to his supervisors."  (Plaintiff Exhibit

13.)  The Plaintiff's purported exhibit shows, at best, that the FMLA application was not

complete.  It was imperative for Mr. Mitchell, as a federal employee, to follow through the

process with his chain of command, as instructed in the February 10, 2005 letter, to ensure that

his status was properly established.

## IV.  CONCLUSION

For the foregoing reasons, Defendant urges the Court to dismiss the Complaint and/or to

enter summary judgment in favor of Defendant on all claims asserted by Plaintiff.

Respectfully requested this 4th day of January, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney


s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No.8906031

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS
15

**CERTIFICATE OF SERVICE**

I hereby certify that on  January 4, 2007,
a copy of the foregoing REPLY TO
PLAINTIFF'S  OPPOSITION TO DEFENDANT'S
 MOTION TO DISMISS, OR IN THE
ALTERNATIVE MOTION FOR
 SUMMARY JUDGMENT was served
electronically on Joe P. Josephson, Esq.


s/ Richard L. Pomeroy

Mitchell v. United States, et al.
Case No. 3:05-cv-00264-JWS