Josephson and Associates
912 West 6th Avenue,
Anchorage, Alaska  99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
E-mail: jjosephson@aol.com
Alaska Bar No. 6102018

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| V. | ) ) |
| UNITED STATES OF AMERICA, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**LEAVE TO FILE FIRST AMENDED COMPLAINT**

Under Rule 15(a), Fed. R. of Civ. Pr., leave to amend a complaint "shall be freely given when justice so requires."

In *Foman v. Davis*, 371 U.S. 178, 9 L.Ed.2d 222 (1962), the Supreme Court interpreted this provision as meaning that leave to amend should be granted, in the absence of bad faith, unless the adverse party would be prejudiced by the amendment, or would incur additional expense, or unless the jury would be confused.

In this case, Mitchell's proposed First Amended Complaint

complies with the ruling of the District Court that the Secretary of the Army is the only proper party defendant with respect to Mitchell's age discrimination complaint.

The proposed First Amended Complaint, for the purpose of further proceedings at the District Court level[1], but without waiving the plaintiff's eventual opportunity to seek review, respects the law of the case by omitting the claims which have been dismissed. For clarity, the proposed first amended complaint includes some non-substantive language changes.

Rule 15 was amended in 1991 and in 1993. The 1991 revision was made

> **to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.**

With specific deference to a misnamed defendant, paragraph 15(c)(3) was revised to change the result in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379 (1986) by providing that the proper defendant can be served at any time, irrespective of Rule 4(m), Fed. R. of Civ. Pr., if "the party will not be prejudiced in maintaining a defense on the merits, and "knew or

---

[1] The amended pleading, while respecting court orders and reflecting the law of the case to date is not intended to constitute or to have the effect of, a voluntary abandonment or waiver by plaintiff of any issue which he might otherwise appeal when the action shall have been fully and finally litigated in the District Court. Memorandum in Support of Motion to Amend Complaint, page 2.

MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
*Mitchell v. Geren*
Case No. 3:05-cv-00264 (JWS)
Page 2 of 3

should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."

As the advisory committee wrote:

> This revision, together with the revision of Rule 4(i) with respect to the failure of a plaintiff in an action against the United States to effect timely service on all the appropriate officials, is intended to produce results contrary to those reached in. . .*Miles v. Department of the Army*, 881 F.2d 277 (9th Cir. 1989) [and] *Barsten v. Department of the Interior*, 896 F.2d 422 (9th Cir. 1990). . .

See Attachment A, page 148, "Note of Advisory Committee on 1991 Amendments", as published in USCS Court Rules (Lexis Publishing 2000), Commentary to Rule 15.

DATED May 8, 2007, at Anchorage, Alaska.

/s/ Joe P. Josephson
Josephson and Associates
912 West 6th Avenue,
Anchorage, Alaska  99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
E-mail: jjosephson@aol.com
Alaska Bar No. 6102018

**Certificate of Service**

I hereby certify that on 5/9/07, a copy of the foregoing First Amended Complaint was served electronically on Richard Pomeroy.

/s/ Joe P. Josephson