answer and respond to complaint in accordance with Rule 14(c), explained how and why third-party was liable, and unmistakable meaning of language in third-party complaint was to designate named parties as defendants to complaint. Royal Ins. Co. of Am. v Southwest Marine (1999, CA9 Cal) 194 F3d 1009, 99 CDOS 8359, 99 Daily Journal DAR 10665, 1999 AMC 2873, 44 FR Serv 3d 1279.

Owner of sailing vessel was entitled to implead third parties in admiralty action. Petition of Klarman (1967, DC Conn) 270 F Supp 1001, 11 FR Serv 2d 219.

Where, in libel by consignee against owner of vessel, owner, under Rule 14(c), could have brought stevedoring firm within admiralty jurisdiction of court by impleading it, fact that this firm was brought into case by being directly named as party defendant by plaintiff consignee did not deprive court of admiralty jurisdiction. Consolidated Cork Corp. v Jugoslavenska Linijska Plovidba (1970, SD NY) 318 F Supp 1209.

Third party complaints against owners of vessel and its managing agents, as well as third party complaint against plaintiff in main action, would be dismissed because third plaintiffs were neither defendants, defending parties, nor claimants under Rule 14(a) and (c). Retcal, Inc. v Insular Lumber Co. (Phil.), Inc. (1973, CD Cal) 379 F Supp 62.

In workman's maritime action for personal injuries sustained aboard barge, naming as defendants workman's employer, barge owner, and oil well operator, since Rules have liberalized joinder and impleader in maritime claims to facilitate presence of all interested parties in one action, all potential joint tortfeasors could be made third-party defendants pursuant to Rule 14(c); application of Rule in such manner, was only possible interpretation consistent with Rule's purpose and intent. Leger v Drilling Well Control, Inc. (1976, WD La) 69 FRD 358, affd (1979, CA5 La) 592 F2d 1246.

Third-party defendant may not be voluntarily dismissed from admiralty action by defendant without permission of plaintiff where, although third-party complaint did not "demand judgment" in plaintiff's favor, unmistakable meaning of third-party complaint was to designate third-party defendant as defendant to plaintiff's complaint as well. United States v Isco, Inc. (1979, ED Wis) 463 F Supp 1293, 27 FR Serv 2d 305.

In circumstances where charter party does not incorporate Carriage of Goods by Sea Act (46 USCS §§ 1300 et seq.), barring of charterer's indemnity action against ship owner under 1-year statute of limitations imposed by Carriage of Goods by Sea Act would contravene purpose of Rule 14. Trade Arbed, Inc. v S/S Ellispontos (1980, SD Tex) 482 F Supp 991.

In admiralty action by cargo insurer against carrier, for damage to cargo, carrier's claim that damage to cargo was caused by negligence of cargo owner's stevedores may be asserted against owner by way of third-party complaint, even though insurer has paid cargo owner's loss and stands in shoes of cargo owner, since cargo owner is being sued not in its capacity as cargo owner and shipper, but in its capacity as stevedore. Gibbs v S/S Dona Paz (1983, ED Pa) 96 FRD 599, 1984 AMC 516, 38 FR Serv 2d 779.

## Rule 15.   Amended and Supplemental Pleadings

**(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

**(b) Amendments to Conform to the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the

*attachment A*

pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

**(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

  (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

  (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

  (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

**(d) Supplemental Pleadings.** Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statements of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

(Amended July 1, 1963; July 1, 1966, Aug. 1, 1987; Dec. 1, 1991; Dec. 9, 1991, P. L. 102-198, § 11(a), 105 Stat. 1626; Dec. 1, 1993.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES
**Amendments:**

**1991.** Act Dec. 9, 1991, in subsec. (c)(3), substituted "Rule 4(j)" for "Rule 4(m)".

Attachment A

**Other provisions:**

**Notes of Advisory Committee.** See generally for the present federal practice, former Equity Rules 19 (Amendments Generally), 28 (Amendment of Bill as of Course), 32 (Answer to Amended Bill), 34 (Supplemental Pleading), and 35 (Bills of Revivor and Supplemental Bills—Form); U.S.C., Title 28, former § 399 (now § 1653) (Amendments to show diverse citizenship) and former § 777 (Defects of Form; amendments). See English Rules Under the Judicature Act (The Annual Practice, 1937) O. 28, rr 1–13; O. 20, r 4; O. 24, rr 1–3.

*Note to Subdivision (a).* The right to serve an amended pleading once as of course is common. 4 Mont. Rev. Codes Ann. (1935) § 9186; 1 Ore. Code Ann. (1930) § 1-904; 1 S.C. Code (Michie, 1932) § 493; English Rules Under the Judicature Act (The Annual Practice, 1937) O. 28, r 2. Provision for amendment of pleading before trial, by leave of court, is in almost every code. If there is no statute the power of the court to grant leave is said to be inherent. Clark, Code Pleading (1928) pp. 498, 509.

*Note to Subdivision (b).* Compare former Equity Rule 19 (Amendments Generally) and code provisions which allow an amendment "at any time in furtherance of justice" (e. g., Ark. Civ. Code (Crawford, 1934) § 155) and which allow an amendment of pleadings to conform to the evidence, where the adverse party has not been misled and prejudiced (e. g., N.M. Stat. Ann. (Courtright, 1929) §§ 105–601, 105–602).

*Note to Subdivision (c).* "Relation back" is a well recognized doctrine of recent and now more frequent application. Compare Ala Code Ann (Michie, 1928) § 9513; Ill. Rev. Stat. (1937) ch. 110, § 170(2); 2 Wash. Rev. Stat. Ann. (Remington, 1932) § 308-3(4). See U.S.C., Title 28, former § 399 (now § 1653) (Amendments to show diverse citizenship) for a provision for "relation back."

*Note to Subdivision (d).* This is an adaptation of Equity Rule 34 (Supplemental Pleading).

**Notes of Advisory Committee on 1963 amendments.** Rule 15(d) is intended to give the court broad discretion in allowing a supplemental pleading. However, some cases, opposed by other cases and criticized by the commentators, have taken the rigid and formalistic view that where the original complaint fails to state a claim upon which relief can be granted, leave to serve a supplemental complaint must be denied. See *Bonner v. Elizabeth Arden, Inc.,* 177 F.2d 703 (2d Cir. 1949); *Bowles v. Senderowitz,* 65 F. Supp. 548 (E.D. Pa.), revd on other grounds, 158 F.2d 435 (3d Cir. 1946), cert. denied, *Senderowitz v. Fleming,* 330 U.S. 848, 67 S. Ct. 1091, 91 L. Ed. 1292 (1947); cf. *LaSalle Nat. Bank v. 222 East Chestnut St. Corp.,* 267 F.2d 247 (7th Cir), cert. denied, 361 U.S. 836, 80 S. Ct. 88, 4 L. Ed. 2d 77 (1959). But see *Camilla Cotton Oil Co. v. Spencer Kellogg & Sons,* 257 F.2d 162 (5th Cir. 1958); *Genuth v. National Biscuit Co.,* 81 F. Supp. 213 (S.D.N.Y. 1948), app dism, 177 F.2d 962 (2d Cir. 1949); 3 Moore's Federal Practice ¶ 15.01 [5] (Supp 1960); 1A Barron & Holtzoff, Federal Practice & Procedure 820–21 (Wright ed. 1960). Thus plaintiffs have sometimes been needlessly remitted to the difficulties of commencing a new action even though events occurring after the commencement of the original action have made clear the right to relief.

Under the amendment the court has discretion to permit a supplemental pleading despite the fact that the original pleading is defective. As in other



attachment A

situations where a supplemental pleading is offered, the court is to determine in the light of the particular circumstances whether filing should be permitted, and if so, upon what terms. The amendment does not attempt to deal with such questions as the relation of the statute of limitations to supplemental pleadings, the operation of the doctrine of laches, or the availability of other defenses. All these questions are for decision in accordance with the principles applicable to supplemental pleadings generally. Cf. *Blau v. Lamb*, 191 F. Supp. 906 (S.D.N.Y. 1961); *Lendonsol Amusement Corp. v. B. & Q. Assoc., Inc.*, 23 Fed. R. Serv. 15d.3, Case 1 (D. Mass. 1957).

**Notes of Advisory Committee on 1966 amendments.** Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall "relate back" to the date of the original pleading.

The problem has arisen most acutely in certain actions by private parties against officers or agencies of the United States. Thus an individual denied social security benefits by the Secretary of Health, Education, and Welfare may secure review of the decision by bringing a civil action against that officer within sixty days. 42 U.S.C. § 405(g) (Supp III, 1962). In several recent cases the claimants instituted timely action but mistakenly named as defendant the United States, the Department of HEW, the "Federal Security Administration" (a nonexistent agency), and a Secretary who had retired from the office nineteen days before. Discovering their mistakes, the claimants moved to amend their complaints to name the proper defendant; by this time the statutory sixty-day period had expired. The motions were denied on the ground that the amendment "would amount to the commencement of a new proceeding and would not relate back in time so as to avoid the statutory provisions . . . that suit be brought within sixty days . . . ." *Cohn v. Federal Security Adm.*, 199 F. Supp. 884, 885 (W.D.N.Y. 1961); see also *Cunningham v. United States*, 199 F. Supp. 541 (W.D. Mo. 1958); *Hall v. Department of HEW*, 199 F. Supp. 833 (S.D. Tex. 1960); *Sandridge v. Folsom, Secretary of HEW*, 200 F. Supp. 25 (M.D. Tenn. 1959). [The Secretary of Health, Education, and Welfare has approved certain ameliorative regulations under 42 U.S.C. § 405(g). See 29 Fed. Reg. 8209 (June 30, 1964); Jacoby, The Effect of Recent Changes in the Law of "Nonstatutory" Judicial Review, 53 Geo. L.J. 19, 42–43 (1964); see also *Simmons v. United States Dept. HEW*, 328 F.2d 86 (3d Cir. 1964).]

Analysis in terms of "new proceeding" is traceable to *Davis v. L. L. Cohen & Co.*, 268 U.S. 638 [69 L. Ed. 1129] (1925), and *Mellon v. Arkansas Land & Lumber Co.*, 275 U.S. 460 [72 L. Ed. 372] (1928), but those cases antedate the adoption of the Rules which import different criteria for determining when an amendment is to "relate back". As lower courts have continued to rely on the *Davis* and *Mellon* cases despite the contrary intent of the Rules, clarification of Rule 15(c) is considered advisable.

Relation back is intimately connected with the policy of the statute of limitations. The policy of the statute limiting the time for suit against the Secretary of HEW would not have been offended by allowing relation back in the situations described above. For the government was put on notice of the claim within the stated period—in the particular instances, by means of the initial delivery of process to a responsible government official (see Rule 4(d)(4) and (5)). In these circumstances, characterization of the amendment as a new proceeding is not responsive to the reality, but is merely question-begging; and to deny relation back is to defeat unjustly the claimant's opportunity to prove his case. See the full discussion by Byse, Suing the

147

*attachment A*

"Wrong" Defendant in Judicial Review of Federal Administrative Action: Proposals for Reform, 77 Harv. L. Rev. 40 (1963); see also Ill. Civ. P. Act § 46(4).

Much the same question arises in other types of actions against the government (see Byse, supra, at 45 n 15). In actions between private parties, the problem of relation back of amendments changing defendants has generally been better handled by the courts, but incorrect criteria have sometimes been applied, leading sporadically to doubtful results. See 1A Barron & Holtzoff, Federal Practice & Procedure § 451 (Wright ed. 1960); 1 id. § 186 (1960); 2 id. § 543 (1961); 3 Moore's Federal Practice, par. 15.15 (Cum. Supp. 1962); Annot, Change in Party After Statute of Limitations Has Run, 8 A.L.R.2d 6 (1949). Rule 15(c) has been amplified to provide a general solution. An amendment changing the party against whom a claim is asserted relates back if the amendment satisfies the usual condition of Rule 15(c) of "arising out of the conduct . . . set forth . . . in the original pleading," and if, within the applicable limitations period, the party brought in by amendment, first, received such notice of the institution of the action—the notice need not be formal—that he would not be prejudiced in defending the action, and second, knew or should have known that the action would have been brought against him initially had there not been a mistake concerning the identity of the proper party. Revised Rule 15(c) goes on to provide specifically in the government cases that the first and second requirements are satisfied when the government has been notified in the manner there described (see Rule 4(d)(4) and (5)). As applied to the government cases, revised Rule 15(c) further advances the objectives of the 1961 amendment of Rule 25(d) (substitution of public officers).

The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated.

**Notes of Advisory Committee on 1987 amendments.** The amendments are technical. No substantive change is intended.

**Notes of Advisory Committee on 1991 amendments.** The rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense.

Paragraph (c)(1). This provision is new. It is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law. Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits. *Walker v. Armco Steel Corp.*, 446 U.S. 740 [64 L. Ed. 2d 659] (1980). If federal jurisdiction is based on a federal question, the reference may be to the law of the state governing relations between the parties. E.g., *Board of Regents v. Tomanio*, 446 U.S. 478 [64 L. Ed. 2d 440] (1980). In some circumstances, the controlling limitations law may be

148

attachment A

federal law. E.g., *West v. Conrail, Inc.*, 481 U.S. 35, 107 S. Ct. 1538 [95 L. Ed. 2d 32] (1987). Cf. *Burlington Northern R. Co. v. Woods*, 480 U.S. 1 [94 L. Ed. 2d 1] (1987); *Stewart Organization v. Ricoh*, 487 U.S. 22, 108 S. Ct. 2239 [101 L. Ed. 2d 22] (1988). Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim. Accord, *Marshall v. Mulrenin*, 508 F.2d 39 (1st Cir. 1974). If *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379 [91 L. Ed. 2d 18] (1986) implies the contrary, this paragraph is intended to make a material change in the rule.

Paragraph (c)(3). This paragraph has been revised to change the result in *Schiavone v. Fortune*, supra, with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. On the basis of the text of the former rule, the Court reached a result in Schiavone v. Fortune that was inconsistent with the liberal pleading practices secured by Rule 8. See Bauer, Schiavone: An Un-Fortune-ate Illustration of the Supreme Court's Role as Interpreter of the Federal Rules of Civil Procedure, 63 Notre Dame L. Rev. 720 (1988); Brussack, Outrageous Fortune: The Case for Amending Rule 15(c) Again, 61 S. Cal. L. Rev. 671 (1988); Lewis, The Excessive History of Federal Rule 15(c) and Its Lessons for Civil Rules Revision, 86 Mich. L. Rev. 1507 (1987).

In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted, for example, if the defendant is a fugitive from service of the summons.

This revision, together with the revision of Rule 4(i) with respect to the failure of a plaintiff in an action against the United States to effect timely service on all the appropriate officials, is intended to produce results contrary to those reached in *Gardner v. Gartman*, 880 F.2d 797 (4th Cir. 1989), *Rys v. U. S. Postal Service*, 886 F.2d 443 (1st Cir. 1989), *Martin's Food & Liquor, Inc. v. U. S. Dept. of Agriculture*, 14 Fed. R. Serv. 3d 86 (N.D. Ill. 1988). But cf. *Montgomery v. United States Postal Service*, 867 F.2d 900 (5th Cir. 1989), *Warren v. Department of the Army*, 867 F.2d 1156 (8th Cir. 1989); *Miles v. Department of the Army*, 881 F.2d 777 (9th Cir. 1989), *Barsten v. Department of the Interior*, 896 F.2d 422 (9th Cir. 1990); *Brown v. Georgia Dept. of Revenue*, 881 F.2d 1018 (11th Cir. 1989).

**Notes of Advisory Committee on 1993 amendments.** The amendment conforms the cross reference to Rule 4 to the revision of that rule.

## COMMENTARY
*by Prof. David A. Sonenshein*
*Temple University Beasley School of Law*
*The National Institute for Trial Advocacy*
*Notre Dame Law School*

Rule 15(a) sets forth a liberal policy that permits a party to amend or

*attachment A*

modify a pleading. A party may amend a pleading as of right (i.e. without leave of court) before a responsive pleading is filed or within 20 days of service if no responsive pleading is required to the pleading to be amended. If a responsive pleading has been filed or 20 days has elapsed since service, an amendment is allowed only by leave of court or by written consent of the adverse party. Once the amendment is effected, the adverse party must plead its response within the time remaining to respond to the original pleading or 10 days, *whichever is longer.*

When sought from the court by motion, leave to amend "should be freely given when justice so requires." In *Foman v. Davis,* 371 U.S. 178, 9 L. Ed.2d 222, 83 S. Ct. 227 (1962), the Supreme Court interpreted this language as providing that leave to amend should be granted, in the absence of bad faith, unless the adverse party will be prejudiced by the amendment, the adverse party will incur additional expense, or the addition of new issues would confuse the jury.

Rule 15(b) provides for the amendment of the pleadings *during and even after trial* where the issues which are the subject of the amendment are actually tried by the express or implied consent of the parties.

Rule 15(c) provides that the amendment of a pleading relates back to the date of the original pleading for purposes of tolling the statute of limitations where:

(1) relation back is permitted by law, or

(2) the claim or defense asserted in the amended pleading arose out of the same conduct, transaction, or occurrence set forth in the original pleading, or

(3) the amendment changes the party against whom the original claim is asserted where: (A) the claim or defense arises out of the same conduct, transaction or occurrence set forth in the original pleading; and (B) service of the summons and complaint is made within the time allowed for service by Rule 4(m) (120 days post-filing); and (C) the party to be brought in by the amendment has received notice of the institution of the action such that the party will not be prejudiced in maintaining a defense on the merits; and (D) the party to be brought in by the amendment knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party named in the amendment. Courts have split on whether "notice of the institution" of the original action requires the newly named party to have actual notice of the filing of the original action or simply to have notice of the event or occurrence which gave rise to the original action.

Rule 15(d) provides for the allowance of supplemental pleadings on motion. A supplemental pleading asserts events, transactions or occurrences that took place subsequent to the filing of the pleading to be supplemented. Thus, reference to events or transactions which took place prior to the filing of the original complaint must be asserted by amendment. The supplemental pleading may be used to change or add relief sought, update a pleading with later events, or add new defenses that arose after the filing of the complaint.

### CROSS REFERENCES

Jurisdiction, amendment to show, 28 USCS § 1653.

Time for service of pleadings, USCS Rules of Civil Procedure, Rule 12.

*Attachment A*