Josephson and Associates
912 West 6th Avenue,
Anchorage, Alaska  99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
E-mail: jjosephson@aol.com
Alaska Bar No. 6102018

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:05-cv-00264 (JWS) |
| | ) |
| HONORABLE PETE GEREN, | ) |
| Acting Secretary of | ) |
| the United States | ) |
| Army, Department of | ) |
| Defense, United States | ) |
| of America, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

Plaintiff, JOHN MITCHELL, by and through his attorney, Joe P. Josephson, of Josephson & Associates, P. C., 912 West Sixth Avenue, Anchorage, Alaska 99501, for his First Amended Complaint, alleges as follows:

### Section A. Plaintiff

1. Plaintiff is a citizen of the United States of America and a disabled army veteran. The nature of his disability is that he suffers from post-traumatic stress disorder and other health problems, including a back injury which required surgery, as a result of his service as an American soldier abroad. In addition, plaintiff now suffers from Muniere's Disease, also known as Muniere's Syndrome, which presents a triad of symptoms, to wit, balance problems, fluctuating hearing loss, and tinnitus.

2. Plaintiff holds an Associate of Arts degree in Liberal Arts, a B.S. degree in Technology (Electronic), a B.A. degree in Anthropology, and an M.A. degree in disciplinary studies.

3. Plaintiff is now, and has been at all pertinent times, over 40 years of age.

4. In his Army career, plaintiff worked, among other jobs, as a Communications-Electronic Maintenance Technician and as a Communications Sergeant in the first Ranger Battalion.

5. Plaintiff, during the times of the acts and omissions complained of below, was a civilian employee of the defendant UNITED STATES OF AMERICA, Department of Defense, Department of the Army, at Fort Richardson, Alaska.

### Section B. Defendant

6. The Honorable PETE GEREN is named as a defendant herein

because he is the Acting Secretary of the Army, and commenced his service in that position on or about March 7, 2007. As the head of the Army, the agency which employed plaintiff and wherein the events complained of took place, Secretary Geren is properly named as the defendant in this action with regard to plaintiff's claims under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. sec. 621 et seq., 29 U.S.C. sec. 215, et seq., 28 U.S.C. sec. 1343(4), and 28 U.S.C. sec. 1331(a).

### Section C. Employment.

7.  On or about January 11, 2004, plaintiff began his employment as a civilian employee of the United States of America, specifically as Emergency Actions Assistant, GS-303-05, at the Plans and Operations Division, USARAK Command Center, Fort Richardson, Alaska.

8.  In interviewing for the position, plaintiff explained in detail the nature, extent and effects of his disabilities and his desire to build a work history for his economic future.

9.  Between January 11, 2004, and January 5, 2005, plaintiff was considered to be successful in his work at the Center. However, on or about January 5, 2005, plaintiff mailed to the Operations Manager of the U. S. Army Alaska command a grievance letter concerning conditions, management, and

operations at the Center.

10. Thereafter, plaintiff suffered retaliation and harassment from his supervisors at the Center.

11. On or about March 31, 2005, the Army, by and through its agents in supervisory positions over plaintiff, sent to plaintiff a "Notice of Proposed Removal", asserting that plaintiff was absent-without-leave form work ("AWOL") on January 29, 2005, and for "almost a month" from and after March 3, 2005. The Notice of Proposed Removal also alleged that plaintiff had been insubordinate and had violated administrative rules or regulations where safety to persons or property was not endangered.

12. Plaintiff's absence on January 29, 2005, was medically justified and necessary, and was attributable to immunizations administered to him in anticipation of his travel for work for the Army's Corps of Engineers in Iraq, a GS-11 position. On that date, plaintiff was experiencing a temperature of 102.8 degrees with chills and fever.

13. The allegations contained in the Notice of Proposed Removal were untrue, known by the author of the Notice of Proposed Removal to be untrue, were asserted in bad faith, and were retaliatory against plaintiff because of the lawful grievance he had presented on or about January 9, 2005.

14. For example, plaintiff had valid and documented medical cause for his absence on January 29, 2005. Compelled to report to work by a supervisor on February 3, 2005, plaintiff presented himself, along with a letter from his physician stating that he was "temporarily unable to resume work activities because such activity could place him/her or co-workers at risk." Subsequently, while at work on that day, plaintiff suffered a heart episode. His immediate supervisor, Mr. David Moore, EA Senior Controller, discovered plaintiff lying on the floor near the console carousel area within the Command Center and reported a medical emergency. Plaintiff was immediately taken to Elmendorf Air Force Base Hospital from the job site.

15. On or about April 9, 2005, plaintiff submitted a letter of resignation. Although he resigned, his resignation was the result of, and necessitated by, the wrongful actions of the defendants which constituted constructive termination from his employment.

### Section D. Jurisdictional Statement

16. The United States District Court for the District of Alaska has jurisdiction of this action pursuant to 28 U.S.C. sec. 1331, which grants the said Court jurisdiction as to all cases arising under the Constitution and laws of the United States. The jurisdiction of this court is invoked to secure

protection of and redress deprivation of rights secured by federal law, which provides for injunctive and other relief against age discrimination in employment practices.

### Section E. Age Discrimination

17. The United States government is an "employer" within the meaning of the ADEA.

18. Plaintiff submitted to the Equal Employment Opportunities Commission ("EEOC") a timely charge alleging age discrimination.  Plaintiff has also complied with any other conditions precedent, if any there be, to the commencement of this action and claim for relief.

19. The actions described in paragraphs 10, 11, 12, 13 and 15 above violated the rights of plaintiff protected by ADEA.

WHEREFORE, plaintiff prays for the recovery of compensatory damages from the United States because of its violation of ADEA, including lost back pay, front pay, prejudgment interest necessary to compensate plaintiff for the lost use of the back pay during the litigation period, and liquidated damages of double the back pay award under 29 U.S.C. 626(b), plus costs awardable under Rule 54 of the Federal Rules of Civil Procedure, together with such other and further relief as the court or jury jay find proper.

DATED May 8, 2007, at Anchorage, Alaska.

/s/ Joe P. Josephson
Josephson and Associates
912 West 6th Avenue,
Anchorage, Alaska  99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
E-mail: jjosephson@aol.com
Alaska Bar No. 6102018

**Certificate of Service**

I hereby certify that on 5/9/07, a copy of the foregoing First Amended Complaint was served electronically on Richard Pomeroy.

/s/ Joe P. Josephson