NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL<br><br>    Plaintiff,<br><br>  v.<br><br>PETE GEREN,<br>    Acting Secretary of the Army,<br><br>    Defendant. | Case No. 3:05-cv-264-JWS<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

The Defendant, through counsel, answers the First Amended Complaint as follows:

Plaintiff's first unnumbered introductory paragraph constitutes Plaintiff's characterization of this lawsuit, to which no responsive pleading is required.

### Section A.  Plaintiff

1.  Admit that Plaintiff has represented throughout his employment with the defendant the personal and military background information expressed in paragraph 1 of his complaint. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations,

accordingly they are denied.

2. Admit that Plaintiff has represented throughout his employment with the defendant the educational background information expressed in paragraph 2 of his complaint.

3. Admit.

4. Admit.

5. Admit.

## Section B.  Defendant

6. Admit that Peter Geren is the Acting Secretary of the Army and that jurisdiction over plaintiff's age claims exists, if at all, only pursuant to 29 U.S.C. § 621 *et seq*.  Otherwise the Defendant denies the allegations of Paragraph 6.

## Section C.  Employment

7. Admit.

8. Defendant admits only that the plaintiff disclosed that he suffered from a back injury and had been diagnosed with post-traumatic stress disorder during when he interviewed for his most recent position with the defendant.  Defendant denies the remaining allegations of paragraph 8.

9. Defendant admits only that on or about January 5, 2005 plaintiff mailed a letter entitled "grievances" to the Operations Manager of the U.S. Army Alaska Command, a copy of which is attached to the original complaint as Exhibit 1.  Defendant denies the remaining allegations of paragraph 9.

10. Denied.

11. Admit.

12. Defendant admits only that an Occupational Nurse provided a letter opining that on January 29, 2005 the plaintiff suffered from fever and illness stemming from a privately administered immunization.  Plaintiff took the immunization in anticipation of travel to Iraq.  Defendant denies the remaining allegations in paragraph 12.

13. Denied.

14. Defendant admits only that plaintiff presented himself for work on February 3, 2005 with a pre-printed physicians form which contained a check mark by a line which read "temporarily unable to resume work activities because such activity could place him/her or co-workers at risk."  Defendant further admits the Plaintiff later on February 3, 2005 collapsed in the workplace and performed what appeared to be convulsions.  Mr. David Moore, plaintiff's work supervisor, discovered the plaintiff and reported a medical emergency.  Defendant denies the remaining allegations of paragraph 14.

15. Defendant admits only that the plaintiff resigned on April 9, 2005.  Defendant denies the remaining allegation of paragraph 15.

## Section D.  Jurisdictional Statement

16. Paragraph 16 contains legal conclusions for which no answer is required.

## Section E.  Age Discrimination

17. Admit.

18. Denied.

19. Denied.

Plaintiff's last unnumbered paragraph constitutes his Prayer for Relief.  Defendant denies

that plaintiff is entitled to any relief.

Anything not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

1. The plaintiff has not met a jurisdictional prerequisite to bringing suit for his claims of employment discrimination. Plaintiff failed to exhaust his administrative remedies under the Age Discrimination in Employment Act. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

2. The plaintiff has no right to a jury trial or compensatory damages, such as an award for emotional distress, for his age discrimination claim. 29 U.S.C. § 633a; Lehman v. Nakashian, 453 U.S. 156, 168-69 (1981); Villescas v. Abraham, 311 F.3d 1253, 1261 (10th Cir. 2002).

3. The plaintiff has no right to additional damages or reinstatement.

4. Plaintiff has failed to mitigate his damages.

5. Plaintiff's Amended Complaint fails to fails to state a claim upon which relief can be granted. Plaintiff fails to state facts sufficient to constitute a cause of action based on any form of age discrimination or constructive discharge.

6. The Defendant had legitimate, nondiscriminatory reasons for taking the actions which are the subject of this Amended Complaint that were not pretextual.

7. Even if discrimination or retaliation was a motivating factor regarding any of the alleged adverse personnel actions complained of, management would have made the same decisions Plaintiff complains of based on legitimate, nondiscriminatory reasons.

8. All other defenses not herein stated are specifically reserved, and shall be asserted at such time as the facts supporting their assertion are made known to, or discovered by, the Defendant.

WHEREFORE, the Defendant prays for the following relief:

1. Dismissal of Plaintiffs complaint and entry of judgment in favor of defendant.

2. Defendant be awarded costs for defending this action.

3. For such further and other relief as the court deems just and equitable under the circumstances.

Respectfully requested this 15th day of June, 2007, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Richard L. Pomeroy
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail: richard.pomeroy@usdoj.gov
Alaska Bar No.8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2007, a copy of the foregoing Answer to First Amended Complaint was served electronically on Joe P. Josephson.

s/ Richard L. Pomeroy