APVR-RPTM-PO-UCC                                        31 March 2005


MEMORANDUM FOR  John R. Mitchell, G-3, Plans and Operations Division,
                                USARAK Command Center,
                                Fort Richardson, AK 99505

SUBJECT:  Notice of Proposed Removal

1.  This is notice that I propose to remove you from your position of Emergency Actions Assistant, GS-303-05 not sooner than thirty-three days from the date this memorandum is mailed for the offenses of failure to follow instructions, failure to follow proper procedure for requesting leave, and absence without leave (AWOL).


2.  The specifics relied upon to support this proposed removal are that on 03 February 2005 you had chest pain, difficulty breathing , and were taken to Elmendorf AFB hospital. On 05 February 2005 you sent me an e-mail message which said that you had been ordered by your doctor to stay out of work and get rest until they are able to determine what is wrong with you. Your message also said that you would keep me updated on your situation through e-mail or your legal advisor. The message included two notes. One note was from Kirk T. Moss, M.D., dated 05 February 2005. The note was very brief and said that you were temporarily unable to resume any work activities because such activity could place you at risk and that you were referred for follow up care. The other memo was from Tyler Moffett, M.D., dated 04 February 2005, which only stated that you had been admitted to 3rd Medical Group Hospital 03 February 2005 to 04 February 2005 and that you should not return to work until 09 February 2005. On 10 February 2005 Dennis Dunn, G3 Operations Manager, sent you an e-mail message stating that since no one in the office had heard from you since 04 February 2005 they were concerned for your well being and that he was trying to find out when you would come back to work. I called your house twice and left a message asking you to call back, which you never did. Later on 10 February 2005 Mr. Dunn received a message from your e-mail address from "Robin." It is my understanding that Robin is your girlfriend. The message stated that Mr. Dunn would be "one of the first to know" when your status changed and that she was "ordering all Army personnel to leave John alone to recover in peace." On 10 February 2005 I sent you a letter via e-mail. On 11 February 2005 I received an automatically generated delivery status notification which said that the message had been successfully relayed to your e-mail address. On 11 February 2005 I sent you the same letter via certified mail and regular mail. The letter advised you of your leave status and leave balance, your entitlement to leave under the Family Medical Leave Act of 1993 (FMLA), the requirements for requesting leave under FMLA, and directed you to contact me when you received the letter. For your convenience and the convenience of

Encl. 6

EXHIBIT 2
PAGE 1 of 4


APVR-RPTM-PO-UCC
SUBJECT: Notice of Proposed Removal

your doctor I included a copy of your job description and a Form WH-380, Certification of Health Care Provider. On 23 February 2005 the certified letter I sent to your physical address was returned as undeliverable. On that same day I sent the letter to your post office box via regular mail and certified mail. The certified receipt was returned to me indicating that it had been received on 24 February 2005. You ran out of sick and annual leave on 26 February 2005. You have been considered AWOL and annotated on your time card as such since 03 March 2005. I have had no contact with you since the e-mail you sent me 05 February 2005.

3. I am proposing this removal to promote the efficiency of the service. In determining the appropriate penalty I considered the following:

     a. Consistency with the Table of Penalties, AR 690-700, Chapter 751. The Table recommends for the first offense of AWOL a written reprimand to five day suspension. However, the Table notes that "Removal may be appropriate for 1st or 2nd offense if the absence is prolonged." You have been AWOL almost a month. For the offense of insubordination, which is similar to failure to follow instructions, the Table suggests for the first offense a written reprimand to removal. For the offense of violating administrative rules or regulations where safety to persons or property is not endangered, which is similar to failure to follow proper procedure for requesting leave, the Table recommends a written reprimand to one day suspension. A removal for your offenses is well within the parameters of the Table.

     b. Your disciplinary record. You have no prior disciplinary actions.

     c. The clarity with which you were aware of any rules that were violated in committing the offense. On 29 January 2005 you did not report to work on a regularly scheduled work day and were annotated on your time card as AWOL. Mr. Dunn gave you a memo at that time that advised you of the seriousness of the offense and the importance of properly requesting leave. The letter I sent to you via e-mail, regular mail, and certified mail clearly directed you to contact me on receipt of the letter and specified the correct process for requesting leave under FMLA.

     d. Your past work record, length of service, performance on the job, ability to get along with your fellow workers, and dependability. You have worked in the Command Center since 11 January 2004. A performance appraisal was unable to be completed for you because of your absence. Your ability to get along with your fellow workers is poor. Your dependability is poor.

EXHIBIT _2_

PAGE _2_ of _4_

APVR-RPTM-PO-UCC
SUBJECT: Notice of Proposed Removal

    e. Your potential for rehabilitation. I believe your potential for rehabilitation is poor. You have made no effort to comply with my instructions.

4. You have the right to reply to this proposal either personally or in writing, or both. Such a reply must be submitted within fifteen calendar days from the date this memorandum was mailed. You may submit affidavits and/or other evidence supporting your reply. Consideration will be given to a request for extension of the time limit if you give adequate reason for needing an extension. If you reply, it must be directed to Malcolm Pressley, G3 Chief of Plans and Operations, Fort Richardson, AK, telephone 384-2236. Full and impartial consideration will be given to any reply you make. You will receive a written notice of decision from Mr. Pressley who has authority to effect a final decision in this formal disciplinary action, whether you reply or not.

5. You are entitled to review all material relied upon to support this proposal. At your request, Steve Janik, Personnel Management Specialist, Telephone 384-7248 will make the material relied upon to support this action available for your review. He will also advise you of your rights according to regulations and furnish copies of pertinent material if feasible.

6. You will be retained in a duty status if otherwise in a duty status, for the entire notice period. You will be notified of the decision at the earliest practicable date whether or not you submit a reply.

7. If you do not understand why this action is being proposed, you may contact me for further explanation. You are entitled to a reasonable amount of official time at the work site, if otherwise in a duty status, to review the material relied upon to support the proposal, to secure affidavits, and to prepare and present a reply. You should contact me to arrange for use of official time. Upon acknowledgment of receipt of this letter, you are entitled to representation. A written designation of representative should be submitted to the Civilian Personnel Advisory Center, 600 Richardson Drive #9700, ATTN: APVR-RCP, Fort Richardson, Alaska 99505-9700.

DAVID A. MOORE
Emergency Actions controller

EXHIBIT 4
PAGE 3 of 4