NELSON P. COHEN
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
222 West Seventh Avenue, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-2344
E-mail:  richard.pomeroy@usdoj.gov

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN MITCHELL,<br><br>       Plaintiff,<br><br>   v.<br><br>  PETE GEREN,<br>       Secretary of the Army,<br><br>       Defendant. | Case No. 3:05-cv-00264-JWS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN THE TIME FOR APPEAL OR TO VACATE AND RE-ENTER THE JUDGMENT** |

I.  INTRODUCTION

Defendant, through counsel, pursuant to D.Ak. LR 7.1, opposes Plaintiff's request to

reopen the time for appeal pursuant to Federal Rule of Appellate Procedure ("FRAP") 4(a)(6).

Furthermore, this Court should deny Plaintiff's request to vacate and reenter the judgment to

allow a timely appeal pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b)(1).

II.  RELEVANT BACKGROUND FACTS FOR PLAINTIFF'S MOTION

Defendant filed his Motion to Dismiss, or in the alternative, Motion for Summary

Judgment on August 27, 2007.  Docket 38.  Plaintiff never filed a response.  On October 2, 2007,

the Court entered a minute order granting the Defendant's motion, finding that Plaintiff's time to

respond to the motion had run and that the Defendant's motion had merit.  The Court directed the

Clerk of Court to enter judgment for the Defendant.  Docket 40.  Accordingly, the Clerk of Court

entered a judgment in favor of the Defendant on October 2, 2007.  Docket 41.

Plaintiff failed to file a Notice of Appeal prior to the expiration of the applicable 60-day

appeal period.  Mitchell's counsel of record, Joe P. Josephson, was assigned to the case and

actively represented Mitchell throughout the underlying litigation.  Local Rule 5.3(c)(2) states,

"Participation in CM/ECF System by receipt of a password from the court constitutes . . . consent

to receive notice and service by electronic means in each case in which a formal entry of

appearance as a party or attorney for a party has been made."  D.Ak. LR 5.3(c)(2).  Local Rule

5.3(f)(2) states, "If a person entitled to notice or service is a registered participant in the CM/ECF

system in the case in which the pleading or other paper is being filed, electronic service of the

Notice of Electronic Filing is deemed the equivalent of service of the pleading or other paper by

first class mail, postage prepaid."  D.Ak. LR 5.3(f)(2).

Mitchell does not dispute that the Notice of Judgment was sent electronically to the

e-mail address provided by Mr. Josephson to the Clerk of Court.  (Affidavit of Andrea Williams,

p. 2, ¶4.)  He admitted that the electronic Notice of Judgment was in fact received by the agent of

Mr. Josephson, on October 2, 2007, but that the agent "minimized or did not understand the

significance of the e-mail message sent to him." (Plaintiff's Motion to Reopen Judgment, p. 2-

3.)  He conceded that both he and his counsel had knowledge of the Court's orders entered before

judgment (presumably to include the minute order on October 2, 2007), but contends they were

not aware of the entry of judgment itself, which also occurred on October 2, 2007.  Id.

III.  ARGUMENT

A.    The Court Should Not Reopen the Time to File Appeal Pursuant to FRAP (a)(6)
      Because Plaintiff Admittedly Received Notice of Entry of Judgment.

Appellate Rule 4(a)(6) allows the Court the discretion to reopen the time to file an appeal

for a period of 14 days:

> **but only if all of the following conditions are satisfied**:
>
> > (A)  the court finds that **the moving party did not receive
> > notice** under Federal Rule of Civil Procedure 77(d) of the
> > entry of judgment or order sought to be appealed within 21
> > days after entry;
> >
> > (B)  the motion is filed within 180 days after the judgment
> > or order is entered or within 7 days after the moving party
> > receives notice under Federal Rule of Civil Procedure 77(d)
> > of the entry, whichever is earlier; and
> >
> > (C)  the court finds that no party would be prejudiced.

FRAP 4(a)(6) (emphasis added).  Plaintiff's motion should be denied because he cannot satisfy

the first prong of FRAP 4(a)(6).  Plaintiff's counsel admitted in his moving papers that the Clerk

of Court sent e-mail notification to the Plaintiff that judgement was entered on October 2, 2007.

(Plaintiff's Motion to Reopen, p. 2.)  Pursuant to Mr. Josephson's participation in CM/ECF and

the local rules of court, receipt of the Notice of Electronic Filing is the equivalent of service of

the judgment.  See D.Ak. LR 5.3(c)(2) & (f)(2).   There is no evidence or allegation that Plaintiff

did not receive the electronic notice.  Additionally, there is no allegation that the former

employee of Mr. Josephson's firm destroyed the e-mail message before his employer could learn

of the notice.  In fact, the same notification was readily discoverable by Mr. Josephson on

January 15, 2008, when he directed Ms. Williams to print out the activity in the case docket.  (Id.

& Affidavit of Andrea Williams, p. 2, ¶ 5.)

Whether Mr. Josephson's former and current employees did not understand the

importance of the e-mail notification is irrelevant for purposes of Rule 4(a)(6).  See Oregon v.

Champion International, Corp., 680 F.2d 1300, 1301 (9th Cir. 1992)(refusing to extend the

excusable negligence exception to include clerical errors of counsel or counsel's staff).  Pratt v.

McCarthy, 850 F.2d 590, 592(9th Cir. 1988)(untimely appeal dismissed when failure to file

resulted from Plaintiff's attorneys mistakenly thinking the other had filed a Notice of Appeal);

Cf. United States v. Avendano-Comacho, 786 F.2d 1392, 1394 (9th Cir. 1986)(attorney

negligence is not basis for relief from untimely appeal under FRAP 4(b)); Gastelam v. Abbott

Labs., 2006 U.S. Dist. LEXIS 83735 (D. Ariz. 2006)(Plaintiff's counsel's neglectful reliance on

secretary's misunderstanding of appeal time calculation under FRAP 4 is not a compelling reason

to excuse untimely appeal).  By conceding that the electronic notification was not only sent, but

also received at Mr. Josephson's office, the Plaintiff cannot make a viable claim under Appellate

Rule 4(a)(6).  Cf. Roe v. O'Donohue, 38 F.3d 298, 304 (7th Cir. 1994)(service effectuated when

receptionist of Defendant's company was served with complaint).

      B.     FRAP 4 Preempts Any Attempt to Vacate and Reenter the Judgment Pursuant to
            FRCP 60(b)(1).

Alternatively, Plaintiff urges the Court to employ FRCP 60(b)(1) to vacate and reenter the

judgment so that he can file a timely appeal.  (Plaintiff's Motion to Reopen, p. 2.)  Plaintiff relies

upon Rodgers v. Watt, 722 F.2d 456 (9th Cir. 1983) (*en banc*), to support his contention that

FRCP 60(b)(1) offers an alternative avenue of relief from FRAP 4(a)(6).  The Ninth Circuit has

held that FRCP 60(b)(1) may not be used to vacate an earlier judgment "to avoid the statutorily

mandated manner in which an appellant must file a proper notice of appeal."  In re Alexander,

197 F.3d 421, 425-6 (9th Cir. 1999) (quoting Eaton v. Jamrog, 984 F.2d 760, 762 (6th Cir. 1993)).

In fact,  the Ninth Court specifically held that the Rogers decision does not contradict this notion

as *Rogers* dealt with the old practice with regard to notice, which "has been rendered obsolete

and inapplicable to this type of case by the 1991 addition of Rule 4(a)(6)."  In re Alexander, 197

F.3d at 426; see also In re Stein, 197 F.3d 421, 426-7 (9th Cir. 2000).

Even if the Court were willing to consider Plaintiff's claims under FRCP 60(b)(1),

Mitchell is not entitled to relief because the facts as alleged demonstrate a lack of "due

diligence."  See TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)

(holding that "excusable neglect" and "good cause" should be analyzed under the same

principles).  The 'good cause' standard "primarily considers the diligence of the party seeking

amendment [to a scheduling order]."  Johnson v. Mammoth Recreations , Inc., 975 F.2d 604, 609

(9th Cir. 1992).

The Supreme Court in Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S.

380, 395 (1993), held that the decision of whether neglect is excusable requires a balancing of

equitable concerns.   The Pioneer factors include: (1) the danger of prejudice to the non-moving

party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for

the delay, including whether it was within the reasonable control of the movant, and (4) whether

the moving party's conduct was in good faith. 507 U.S. at 395. "If the party seeking the

modification 'was not diligent, the inquiry should end' and the motion to modify should not be

granted." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). In

this case, the failure to timely appeal was within the reasonable control of the movant and

Mitchell has failed to demonstrate due diligence.

Plaintiff admitted that an employee for his counsel received e-mail notification of

judgment in this case. (Plaintiff's Motion to Reopen, p. 2)   Furthermore, there is no allegation

that the electronic notification was too difficult to find or that had Plaintiff exercised even a

modicum of diligence he would not have found that judgment had been entered.  Any error by

Mr. Josephson's employees is compounded by the fact that Plaintiff admits that both he and his

attorney were aware of the orders issued in this case (presumably to include the disposition

motion order), but not that judgment had been entered. (Plaintiff's Motion to Reopen, p. 2-3)

Even if the Plaintiff was not aware that judgment was entered on the same day as the order

(seemingly hard to believe), knowledge that the order was entered would have put a reasonable

party on notice that a judgment was pending.[1]  Plaintiff has provided no evidence that he made

any attempt to determine if judgment had been entered in his case between October 2, 2007 and

---

[1] To the extent that Plaintiff was aware of the Court's order, but not aware the judgment was entered on the same day, FRAP 4(a)(2) would have allowed Mitchell to preserve his appeal rights by filing a Notice of Appeal prior to entry of judgment. FRAP 4(a)(2) treats a Notice of Appeal filed after announcement of a decision or order, but before the entry of judgment, "as filed on the date of and after the entry." FRAP 4(a)(2)

January 15, 2008.[2]  Such diligence would have required nothing more than simply logging onto

the Court's CM/ECF website and viewing the docketing report.

CONCLUSION

Plaintiff's motion should be denied.

Respectfully requested this 23rd day of January, 2008, in Anchorage, Alaska.

> NELSON P. COHEN
> United States Attorney
>
>
> s/Richard L. Pomeroy
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-2344
> E-mail: richard.pomeroy@usdoj.gov
> Alaska Bar No.8906031

**CERTIFICATE OF SERVICE**

I hereby certify that on  January 23, 2008,
a copy of the foregoing **DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION
TO REOPEN THE TIME FOR APPEAL
OR TO VACATE AND RE-ENTER THE
JUDGMENT** was served electronically
on Joe P. Josephson, Esq.

s/ Richard L. Pomeroy

---

[2]  In fact, the failure to ensure when the judgment was entered is just another example of Plaintiff's lack of due diligence.  Defendant filed his dispositive motion on August 27, 2007. Plaintiff failed to file any response to this motion.  It is incongruent for Plaintiff to ask the Court to exercise its discretionary authority in allowing an untimely Notice of Appeal, when the Plaintiff did not even deign to file a response to the dispositive motion before the district court.

Mitchell v. Geren
Case No. 3:05-cv-00264-JWS                    7