Joe P. Josephson, Esq.,
Alaska Bar No. 6102018
912 W. 6th Avenue
Anchorage, Alaska 99501
Tel. (907) 276-0151
Facsimile (907) 276-0155
E-mail: jjosephson@aol.com

Attorney for Plaintiff

_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

_____
JOHN MITCHELL,               )
                             )
   Plaintiff,               )
                             )
 v.                          )
                             )
PETE GEREN, Secretary        )
of the Army,                 )
                             )
   Defendant.               )   Case No. 3:05-cv-00264-JWS
_____)

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO REOPEN THE TIME FOR APPEAL OR TO
<u>VACATE AND RE-ENTER THE JUDGMENT</u>**

As stated in the pending Motion submitted on behalf of the plaintiff, because of the interest of the United States in the outcome of this action, John Mitchell had 60 days, automatically, from the date of the entry of judgment, within which to file a notice of appeal. *United States ex rel. Custom Fabricators, Inc. v. Dick Olson Constructors, Inc.*, 823 F.2d 370, 370-71 (9th cir. 1987), later proceeding 833 F.2d 1018 (9th

PDF created with pdfFactory Pro trial version www.pdffactory.com

Cir. 1987); *Cablevisions Sys. Dev. v. Motion Picture Ass'n*, 808 F.2d 133, 135 (D.C.Cir. 1987)[per curiam], rev'd on other grounds, 836 F.2d 599 (D.C.Cir. 1988), *cert. denied*, 487 U.S. 1235 (1988).

The defendant, in opposing the pending motion, overlooks the familiar principle that Rule 60(b) is regarded as "remedial in nature and. . . must be liberally applied." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)[*per curiam*]. This language was quoted approvingly by the Ninth Circuit in *TCI Group Life Insurance Plan v. Knoebbler*, 244 F.3d 691 (9th Cir. 2001), a case cited by the defendant, in which the Ninth Circuit again instructed bench and bar that the application of Rule 60(b) is committed to the discretion of the district courts.

*TCI Group Life Insurance Plan* arose from a judgment debtor's effort to attack the default judgment entered against her, rather than from a party such as Mitchell who was engaged in a highly contested dispute.  Different policy considerations apply: a case in which the judgment was entered against a party who never contested the contentions of her adversary is one thing, but a case where a party vigorously contested some or all of the contentions against him is another.

The defendant's citation to *In re Alexander*, 197 F.3d 421,425-426 (9th Cir. 1999), in which the Court of Appeals said

Mitchell v. Geren, Case No. 3:05-cv-00264-JWS, Reply to Opposition, page 2

PDF created with pdfFactory Pro trial version www.pdffactory.com

PDF created with pdfFactory Pro trial version www.pdffactory.com

that Rule 60(b)(1) may not be used to vacate an earlier judgment

> "to avoid the statutorily mandated manner in which an appellant must file a proper notice of appeal",

is a citation to *dicta*, because the parties in *Alexander* who sought relief (unlike John Mitchell) did not file their motions more than 180 days after the entry of the district court's final order from which they were seeking review. (That order had been entered on October 1, 1997, but the motions for relief were not filed until late April, 1998).

The fact that they delayed more than 180 days is a significant difference, and is not a mere distinction, because of the express language of Federal R. App. Procedure 4(a)(6)(B), which establishes an outer deadline of 180 days.

The defendant has cited *Pioneer Investment Services Company v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993), a case previously cited by Mitchell. Mitchell agrees that under *Pioneer Investment Services Company* a balancing of equitable concerns is appropriate. Balancing those equitable concerns should lead to favorable consideration of Mitchell's motion. According to the case, the concept of "excusable neglect" is a general equitable one, and is not necessarily reserved for extraordinary circumstances, and takes account of

*Mitchell v. Geren*, Case No. 3-05:cv-00264-JWS, Reply to Opposition, page 3

factors such as

> prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395.

The defendant does not and could not claim that he will be prejudiced, because all that appeal by Mitchell would do would be to allow the Ninth Circuit to review district court rulings on those issues which Mitchell through counsel vigorously challenged. Nor does the defendant question Mitchell's good faith. And the defendant does not state that the delay and the impact on judicial proceedings will work adversely upon the legal system as such.

*Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080 (9th Cir. 2002), is cited for the proposition that if a party seeks "modification", but "was not diligent, the inquiry should end", and the motion to modify should not be granted.

The quotation from *Zivkovic* is *dicta*. Zivkovic had nothing to do with facts similar to those presented here. The attorney in *Zivkovic* protested because the district court denied his untimely demand for a jury trial and his late motion to modify the pretrial order, which counsel brought four months after the pretrial order was issued by the court.

*Mitchell v. Geren*, Case No. 3:05-cv-000264-JWS, Reply to Opposition, page 4

*Roe v. O'Donohue,* 38 F.3d 298, 304 (7th Cir. 1994), concerned the timeliness of a petition for removal from state court to the district court. After the defendants filed a petition for removal, plaintiff waited 18 months before challenging the removal and seeking remand to the state court, because of the lack of other defendants' joinder. Even so, the Seventh Circuit remanded the case to the district court with instructions to remand to the state court on the basis that the notice of removal was untimely.

Defendant points out that the electronic notification was "received", at least in the sense that the notification was given to the e-mail address, rlt@jojlaw.com, set up by a former employee who was employed at counsel's office at the time of the transmission, although notification was not given to the e-mail address of plaintiff's counsel, josephs@aol.com, shown to be counsel's primary e-mail address. (See affidavit of Andrea Williams).

But defendant cites no case to that effect dealing with the new electronic procedure.

Mitchell does not challenge the validity of the electronic filing and notification procedure *per se.* But in the transition from paper to electronics, distribution should be sent to the primary e-mail address of the attorney of record given by

*Mitchell v. Geren*, Case No. 3:05-cv-000254-JWS, Reply to Opposition, page 5

PDF created with pdfFactory Pro trial version www.pdffactory.com

counsel. On the other hand, counsel are well admonished that their obligation to "inquire periodically into the status of their cases", as stated in *Nguyen v. Southwestern Leasing and Rental, Inc.*, 282 F.3d 1066 (9th Cir. 2002)[1], will have to be performed proactively, at closer intervals. due to the new electronic environment. However, that does not alter the propriety of granting this plaintiff, in this period, the relief (alternatively requested) he asks for in the pending motion.

DATED February 11, 2008.

                                              ___/s/ Joe P. Josephson_____
Joe P. Josephson
Alaska Bar No. 6101018
Attorney for Plaintiff
912 W. 6th Ave., Anchorage, AK
Tel. (907) 276-0151
Facsimile (907) 276-0155

Certificate of Service:

I certify that this document,
was transmitted on February 11, 2008,
electronically, to:
Assistant U. S. Attorney
Richard Pomeroy, Esq.,
Anchorage, Alaska.

____/s/Joe P. Josephson_____

*Mitchell v. Geren*, Case No. 3:05-cv-000254-JWS, Reply to Opposition, page 6

---

[1] The Ninth Circuit in *Nguyen*, under the specific facts of that case, held that the district court did not abuse its discretion when it granted plaintiffs' motion to reopen the time for filing their appeals.*Mitchell v. Geren*, Case No. 3:05-cv-000254-JWS, Reply to Opposition, page 5

PDF created with pdfFactory Pro trial version www.pdffactory.com

PDF created with pdfFactory Pro trial version www.pdffactory.com