UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| JOHN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | 3:05-cv-00264 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| PETE GEREN, | ) | [Re:   Motions at Dockets 42 and 47] |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

## I.  MOTIONS PRESENTED

At docket 42, plaintiff moved for relief pursuant to Federal Rule of Appellate Procedure 4, or alternatively, Federal Rule of Civil Procedure 60 so that he can file an appeal from the judgment in favor of defendant. The motion has been fully briefed. Oral argument was not requested and would not assist the court.

At docket 47, plaintiff requests a ruling on the motion at docket 42.

## II.  BACKGROUND

At docket 38, defendant filed a motion to dismiss, or in the alternative motion for summary judgment. No response was filed. At docket 40, the court entered an order which noted the failure to respond and then stated: "Upon examination of the motion the court finds that it has merit. Accordingly, the motion at docket 38 is GRANTED." Judgment in favor of the defendant was entered at docket 41 on the same day as the order, October 2, 2007. The time for filing a notice of appeal ran on December 2, 2007. No notice of appeal was filed.

On January 15, 2008, plaintiff filed the pending motion asking the court to reopen the time for appeal. The motion relies on Rule 4 of the Federal Rules of Appellate Procedure ("Rule 4") and Rule 60(b)(1) of the Federal Rules of Civil Procedure ("Rule 60"). Plaintiff requests the court to reopen the time for appeal for a period of 14 days pursuant to Rule 4, or alternatively, to vacate and then reenter the judgment pursuant to Rule 60 which would allow a timely appeal to be taken.

Plaintiff argues that relief should be granted because while plaintiff and his counsel were "cognizant of the court's *orders* entered before judgment, they were not aware of the entry of the *judgment* itself."[1] Plaintiff's counsel, Joe P. Josephson, acknowledges that the Clerk of Court "acted appropriately" by sending an e-mail notice of the judgment to a former employee of Josephson & Associates, P.C.[2] However, plaintiff explains that Mr. Lerman-Tan "minimized or did not understand the significance of the e-mail message."[3] According to Andrea Williams, an employee who began work for Mr. Josephson on October 1, 2007, she saw the e-mail notice of the judgment shortly after she began work. However, when she mentioned it to Mr. Lerman-Tan, he said: "Don't worry about it; it's not important."[4] Ms. Williams does not recall disclosing the message to Mr. Josephson; rather, she avers that Mr. Josephson discovered the judgment on January 15, 2008, when he reviewed a print out of the court docket provided to him by Ms. Williams.[5]

Plaintiff argues that this court should re-open the time for appeal pursuant to Rule 4 or vacate and reenter the judgment pursuant to Rule 60 on the grounds of excusable neglect. In response defendant argues that because plaintiff was properly

---

[1] Doc. 42 at 1-2.

[2] *Id.* at 3.

[3] *Id.*

[4] Affidavit of Andrea Williams, doc. 43 at ¶ 4.

[5] *Id* at ¶ 5.

-2-

Case 3:05-cv-00264-JWS   Document 48   Filed 05/06/08   Page 2 of 6

notified of the entry of judgment, relief under Rule 4 is not available, and that relief is not available under Rule 60.

### III. DISCUSSION

**A. Rule 4**

Plaintiff first asks the court reopen the time to file an appeal pursuant to Rule 4(a)(6) of the Rules of Appellate Procedure. Rule 4(a)(6) states:

> Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

The rule sets out three criteria, all of which must be met. The first is that the party seeking relief cannot have received notice under Rule 77(d) of the Federal Rules of Civil Procedure within 21 days from the entry of judgment. Rule 77(d) states:

> (d) Serving Notice of an Order or Judgment.
>
> (1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).
>
> (2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

Here, service of the notice of judgment was properly made on all parties electronically immediately after the judgment was entered pursuant to the court's Electronic Case

-3-

Filing system. Plaintiff concedes this point in his motion papers: "It is acknowledged, and should even be emphasized, that in sending the e-mail message to the former employee of Josephson & Associates, P.C., the Clerk acted appropriately, and there is no claim to the contrary."[6]

Plaintiff cannot satisfy the first prong of Rule 4(a)(6). It follows that relief is unavailable under Rule 4.

## B. Rule 60(b)(1)

Alternatively, plaintiff relies on Federal Rule of Civil Procedure 60(b)(1) which provides that a court may relieve a party from a final judgment based on "mistake, inadvertence, surprise, or excusable neglect." Plaintiff relies on the proposition that excusable neglect may be found here, arguing that while Mr. Josephson personally was aware of the order granting summary judgment, he was unaware of the entry of judgment until January 15, 2008. Plaintiff cites *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, et al.*[7] for the proposition that excusable neglect may encompass situations where failure to comply with a filing deadline is attributable to negligence. That is correct, but defendant argues that Appellate Rule 4 forecloses reliance on Rule 60(b)(1) to expand the time for appeal. Defendant also asserts that plaintiff nas not demonstrated that the neglect here was excusable. It is unnecessary to consider defendant's second argument, because the first has merit.

Plaintiff relies on *Rodgers v. Watt*,[8] for the proposition that Rule 60 may be used as an alternative to Rule 4. In *Watt*, the Ninth Circuit examined Rule 4 as it was written prior to the 1991 amendments which added Rule 4(a)(6). The Clerk of Court in *Watt* had failed to notify the parties of the entry of judgment, producing a situation in which appellant had no notice of the entry of judgment in time to seek relief within the applicable time limit for an extension under Rule 4. In that circumstance, the Ninth

---

[6]Doc. 42 at 3.

[7]507 U.S. 380 (1993).

[8]722 F.2d 456 (9th Cir. 1983) (*en banc*).

-4-

Circuit found that relief was available under Rule 60(b): "We hold that Rule 60(b) is available in situations where the excusable neglect does not arise until after the sixty day period."[9]

The contrast between the facts in *Watt* and those in the case at bar is sharp. To begin with, the most significant difference, in *Watt* the Clerk of Court did not notify the parties that judgment had been entered. Here, notice was given immediately. It may also be noted that in *Watt* the secretary for plaintiff-appellant's lawyer repeatedly checked the docket to see if a ruling had been made, and repeatedly found only that the matter was under advisement.[10] Here, the docket was not checked, and had it been the existence of the judgment would have been immediately apparent. Finally, it bears emphasis that the *Watt* court's discussion suggests that where there has been actual notice in time to make use of Rule 4, as there was here, reliance on Rule 60 would be inappropriate.

Defendant points to *In re Stein*[11] for the proposition that the *Rodgers* decision was rendered obsolete by the 1991 addition of Rule 4(a)(6). In *Stein*, the Ninth Circuit examined a district court's denial of Rule 60(b) relief where, over 180 days after entry of judgment, appellants had filed a Rule 60(b)(1) motion, alleging that they did not receive notice of the entry of orders denying certain motions. The court found that the 1991 changes, which added Rule 4(a)(6), were designed to respond to the circumstances that had previously prompted courts to use Rule 60(b)(6) to circumvent deadlines in the previous version of the rule. According to *Stein*, Rule 4(a) and Rule 77(d) "form a tessellated scheme; they leave no gaps for Rule 60(b) to fill."[12]

Plaintiff argues that *Stein* does not control the case at bar, because in *Stein,* the parties seeking relief filed their motions more than 180 days after the entry of a final

---

[9]*Id.* at 459.

[10]*Id.* at 461.

[11]197 F.3d 421 (9th Cir. 1999).

[12]*Id.*, 197 F.3d at 426.

order, which is inconsistent with Rule 4(a)(6)(B), while here the motion was made fewer than180 days after entry of final judgment. That observation is correct, but it misconstrues the significance and reach of *Stein*. This court reads that appellate decision to say that Rule 4 now occupies the field with respect to extending the time for filing a notice of appeal. Rule 60(b) is no longer available as an alternative. That being so, it makes no difference that plaintiff filed his motion less than 180 days from the judgment thereby meeting the requirement of Rule 4(a)(6)(B), because having received actual notice, plaintiff cannot meet the requirement of Rule 4(a)(6)(A).

The court has considered the cases cited in plaintiff's reply which stand for the proposition that Rule 60(b) should be liberally construed. With that proposition, this court does not find fault. However, Rule 60(b) has to be applicable before it becomes appropriate to construe it. Here, Rule 4 in its current form, renders Rule 60(b) inapplicable.[13]

## IV. CONCLUSION

For the reasons stated above, the motion at docket 42 is **DENIED**. The court having ruled on the motion at docket 42, the motion requesting a ruling thereon at docket 47 is **DENIED** as moot.

DATED at Anchorage, Alaska, this 6th day of May 2008.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[13] *Id.*

-6-

Case 3:05-cv-00264-JWS   Document 48   Filed 05/06/08   Page 6 of 6